THE STATE OF OHIO *v.* ISAAC RHOADS.

In a criminal prosecution where the defendant seeks to justify, on the ground of self-defense, it is not competent to give in evidence the *opinion* of a witness as to the existence of danger to life, or of great bodily harm, or that such danger might have been reasonably apprehended by the defendant.

BILL OF EXCEPTIONS to the Court of Common Pleas of Highland county.

The defendant was indicted in the Court of Common Pleas of Highland county, for an assault and battery upon one Samuel N. Glaze. On the trial, the state offered testimony tending to prove the averments in the indictment, and the defendant, having offered testimony tending to prove that the supposed assault and battery had been committed in self-defense, inquired of a witness called by the defense, as follows: " At the time you say you saw Samuel

N. Glaze rush toward your brother (the defendant) with closed fist, in your opinion was your brother in danger of an attack from Samuel N. Glaze?" And, also, the following question: "From your knowledge of the relative sizes of the two boys and the surrounding circumstances, when Samuel N. Glaze rushed in the manner you have stated toward your brother, in your opinion, was your brother in danger of bodily harm at the hands of Samuel N. Glaze?" To each of these questions the state, by its counsel, objected, which objections were overruled by the court, and the witness answered in the affirmative. To all of which the prosecuting attorney excepted.

J. M. *Dumenil*, for the state, cited, *Monroe* v. *The State*, 5 Ga. 85; H. & T.'s Cases on Self-defense, 469, 539; *The State* v. *Hudgins*, 2 Kelly (Ga.), 173; *Keener* v. *The State*, 18 Ga. 194; 1 Greenl., sec. 441.

By THE COURT. The court below erred in allowing the opinions of the witness to be given in evidence. It was for the jury to determine whether or not the defendant was in danger, from the facts and circumstances attending and surrounding the alleged assault, and not from the opinions of eye-witnesses of the transaction.

This case is distinguishable from *Stewart* v. *The State*, 19 Ohio, 302.

*Exceptions sustained.*