## No. 9704.

### THE STATE OF LOUISIANA VS. LOUIS CRITTENDEN.

Although the court may have refused to permit the prosecuting officer to introduce other evidence after the case has been closed, yet when the jury requests to be permitted to have the prosecuting witness brought before them for the purpose of examining the nature and locality of his wounds and of questioning him in relation thereto, it lies in the discretion of the judge to grant the request and such permission is not error.

When the defense offers to question the State's witness with a view to ascertain whether or not he has been a penitentiary convict, for the purpose of establishing his incompetency, and the question is ruled out on the ground that the record is the best evidence, and when no objection is made at any time to his competency, and the record, though claimed to be in the trial court, has never been produced on the trial or on motion for new trial, we must presume that there was no foundation for such objection, and that even if the court committed error, it was immaterial and no ground for reversal.

Where the counsel on either side puts to his own witness a question grossly leading and seeking to elicit evidence in itself inadmissible, the judge has the right to interfere and prevent such proceeding, even in absence of objection by opposing counsel; and such action furnishes no ground for reversal, if the ruling was otherwise correct.

A witness in a criminal case has the privilege of declining to answer a question which tends to criminate himself; and when he claims this privilege the judge is right in declining to compel him to answer.

In an indictment for shooting with a dangerous weapon with intent to murder, under Sec. 791, R. S., although it is not necessary expressly to charge an assault, yet as an assault is necessarily implied in the charge, the setting of it out is innocent surplusage, and the larger crime being otherwise properly charged, a conviction thereof will be sustained.

The indictment containing in its caption and commencement a full description of the State, parish and judicial district, the charge that the crime was committed in the "State, parish and district aforesaid," is a sufficient laying of the place.

State vs. Crittenden.

A PPEAL from the First District Court, Parish of Caddo.
Hicks, J.

M. J. Cunningham, Attorney General, for the State, Appellee.

J. B. Slattery for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.    The errors charged are presented on four bills of exception and a motion in arrest of judgment.

1.    The first bill was taken to the ruling of the court in permitting the jury, at their own request, to have the prosecuting witness recalled after the evidence was closed, and to strip and exhibit the location and nature of his wound, and to be questioned by the jury concerning the same.

The objection was based on the ground that the judge had previously refused permission to the State to introduce the same evidence, after closing its case, and that the jury could not thereafter call for it. The judge states that his ruling against the State was on the technical ground that the evidence was not in rebuttal, and that such technical rule did not apply to the request of the jury, who were entitled to information on points which they considered essential to the understanding of the facts of the case.    Irrespective of the correctness of the first ruling of the judge, he committed no error in the ruling complained of.    This Court has heretofore held that "it was a matter to be left to the sound discretion of the judge, whether he would, after the State announced that it had closed, and before argument began, allow further evidence."    State vs. Colbert, 29 Ann. 715.

Mr. Bishop affirms the same principle thus: " It is the general rule that, after the prosecuting officer has announced the evidence closed on his side, other evidence, not rebutting, cannot be introduced against the defendant; but, in various circumstances, the court, in its discretion, will allow a departure from this rule."    Bish. on Cr. Proc. § 966.

The evidence being intrinsically proper, there could not be a better ground for the exercise of this discretion than the request of the jury. See also, Wharton Cr. Pl. and Prac. § 707.

There was no necessity for re-swearing the witness, who remained under the oath originally taken.

2.    The next bill recites that "the prosecuting witness, Collins, after testifying that he had been in the penitentiary and had been sent from Caddo parish, was asked by the defense, to enable them to find the judgment of conviction, as there was no index to the criminal docket,

'how long it was since he had left the penitentiary,' to which question the district attorney objected, and the objection was sustained."

The judge states that the witness had said "he had been in the penitentiary right here—not convicted and sentenced to the penitentiary.' Considering that the object of the question, as stated in the bill, was simply to lay foundation for objection to the competency of the witness; that no objection was ever made to his competency; that the record of his conviction was not thereafter produced either during the trial or even on motion for new trial, it is fair to presume that there was no foundation for such objection, and that the ruling of the court, even if erroneous, worked no injury.

3. The next bill was taken to the action of the judge in interrupting a witness of the defense and preventing him from answering a question propounded by defendant's counsel and not objected to by the prosecuting attorney.

The question was as follows: " From your knowledge of the character of both parties and the action of the prosecuting witness during the difficulty, did you think the life of the defendant was in danger, and was the defendant justified in believing his life was in danger?"

The judge states that he considered the question as objectionable, both because it was clearly leading and because it elicited a mere opinion of the witness; that the witness was unscrupulous and showed a desire to exculpate the defendant regardless of truth; and that, notwithstanding the neglect of the district attorney, he felt it his duty to interfere in the prevention of such leading questions and the exclusion of such illegal testimony.  He further intimates that it was not the first instance of the kind, saying that "the trial was becoming a farce," and that "his object was to call to the mind of counsel that the court was not the place to act farces in."

The question was grossly leading, to which the affirmative answer would respond as a mere echo of the words and ideas embodied in the question.

Moreover, the testimony itself sought to be elicited was improper, as not stating actual facts from which the jury might form its own opinions, but expressing merely the opinion of the witness based on facts not disclosed.  State vs. Parce, 37 Ann. 268; State vs. Coleman, 27 Ann. 691; Wharton Cr. Ev. § 457; State vs. Rhoads, 29 Ohio St. 171; Haynie vs. Baylor, 18 Tex. 498.

The *gravamen* of the complaint, however, seems to be that, in absence of objection by the district attorney, it was improper for the judge to interfere.  We dissent entirely from this view.  A trial is not a mere

*lutte* between counsel, in which the judge sits merely as an umpire to decide disputes which may arise between them. It is his duty to see that the trial is conducted lawfully and fairly, to contribute to the eliciting of the truth and, as we recently said, "to take care that neither party shall suffer unlawfully." State vs. Green, 36 Ann. 186; State vs. McGee, Id. 206.

Thus, he may supplement the deficiencies of counsel on either side, by putting questions to witnesses which they have omitted, and, it is said, by recalling witnesses, who have been dismissed, for further question, and, in England at least, even by calling and examining a witness whom neither side has called. Wharton Cr. Ev. § 452.

We think, therefore, he has equal right, of his own motion, to require counsel on either side to put their questions in legal form, and to prevent the introduction of improper evidence, whether objected to by opposing counsel or not.

A trial is not intended as a mere test of the capacity of counsel, but has the higher objects of eliciting truth and securing justice. The rules of evidence have been framed with the view of advancing these objects, and, when they are violated, it is the privilege and duty of the judge to enforce them.

4. The next bill was to the refusal of the judge to compel a witness to answer the question: "From whom did the defendant obtain the pistol with which he did the shooting?"

A former witness had testified that the pistol was obtained from this witness, and the question was objected to as tending to criminate him. The judge having explained his privilege to the witness, the latter declined to answer the question on the ground that the answer would criminate him. The objection of the district attorney was perhaps in itself untenable, as the witness might have waived his privilege; but as he claimed the privilege, the judge did not err in refusing to compel him to answer. State vs. Cook, 20 Ann. 145; Greenleaf Ev. § 451; Constitution 1879, art. 6.

5. The motion in arrest is based on two grounds: 1st. That the indictment does not charge any crime greater than an assault, while he was convicted of shooting with intent to murder; 2d. It does not allege the time and place where the shooting took place.

Both grounds are untenable. The indictment charges that accused "did make an assault with a dangerous weapon commonly called a pistol, and did shoot said Collins with intent then and there, him, the said Collins, wilfully, feloniously and of his own malice aforethought, to kill and murder."

The charge contains all the elements of shooting with intent to murder, as described in Section 791, Revised Statutes; and, though it was unnecessary expressly to charge the assault, yet as an assault was necessarily implied in such a charge, the setting of it out was innocent surplusage.

As to the time, it is very clearly laid as on the second day of January, 1886; and as to place, the indictment, containing in its caption and commencement the words, " State of Louisiana, Parish of Caddo, First Judicial District," charged the crime to have been committed "in the State, parish and district *aforesaid.*" This is sufficient.

Judgment affirmed.

Todd, J. takes no part.