WILLIAM MAJORS *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Opinion. Evidence. Homicide. Deadly weapon.*
> The opinion of witnesses that a stick produced on the trial was a deadly weapon in the hands of the decendent is inadmissible in a prosecution for homicide, the comparative size and physical prowess of the combatants having been shown.

FROM the circuit court of Leake county.

HON. JOHN R. ENOCHS, Judge.

Majors, appellant, was convicted of a homicide and appealed to the supreme court.

The facts upon which the case turned are stated in the opinion of the court.

*O. A. Luckett* and *Sullivan & McMillan,* for appellant.

The third assignment was to the action of the judge in sustaining the objections of the state to a question asked a witness on direct testimony, and which question was as follows:

"Tell the jury if that stick or board, in the condition it was at the time, was capable of producing death or serious bodily harm in the hands of a man like Davis McDuff?" The state made a general objection to this question, without stating the reason or point of objection, and the same was sustained by the court.

It was a material issue as to the condition of that stick or board at the time of the shooting, for if it was an instrument

capable of producing death or great bodily harm, defendant had the right to shoot, if he reasonably believed at the time that he was in danger of being attacked by the deceased with it, and there was at the time some hostile demonstration by the deceased, evidencing a design on his part to make an attack on appellant with such stick and to protect himself against such threatened attack with such stick or board, appellant shot and killed deceased.

These were matters which the jury were to pass upon, and any competent testimony going to prove the character of stick or board, then held by deceased in his hands at the time he was killed was certainly admissible, and its rejection by the court was error.

It may be claimed that this is merely the opinion of the witness, which is incompetent, but while this was the opinion of the witness, or rather we were trying to get his opinion, from a known fact, it was competent under the circumstances.

Opinions of ordinary witnesses are, under certain circumstances, necessary and competent, as where facts which are made up of á great variety of circumstances and a combination of appearances which cannot be properly described, may be shown by witnesses who observe them; and where their observation is such as to justify it, they may state the conclusions of their own minds. In this category may be placed matters involving magnitude or quantities, portions of time, space, motion, gravitation, value, appearances of persons or things. Underhill Cr. Ev., 4; Hughes Crim. Law and Proc., sec. 3175; *Chapman* v. *Chapman,* 129 Ill., 390; *Needham* v. *People,* 98 Ill., 277.

*J. N. Flowers,* assistant attorney general, for appellee.

It is contended here that the court erred in refusing to permit a witness to say whether the board "in the condition it was at the time, was capable of producing death or great bodily

harm in the hands of a man like Davis McDuff." Such opinion evidence is admissible only in cases where the effect of an aggregation of details is sought to be shown, and it is impossible to enumerate or describe the details. Give the jury the dimensions of the board and they were as able to classify it as the witness. Its character as a dangerous, or deadly or inoffensive weapon is not dependent upon any appearance difficult to describe. 12 Am. & Eng. Enc. Law (2d ed.), 490.

TRULY, J., delivered the opinion of the court.

The defendant offered to prove by several witnesses that, in their judgment, the stick or board with which it was claimed an assault was attempted to be made by the deceased upon the defendant was, in the hands of the deceased, a deadly weapon, capable of producing death or serious bodily injury. To this expression of opinion the state objected, and, the objection being sustained, an exception was reserved, and this ruling of the court below is assigned as error here. We think the action of the court correct. The weapon in question was produced before the jury, and they were as capable of deciding the question of whether or not it was a deadly weapon, capable of producing death or great bodily injury, as were the witnesses themselves. The witnesses were permitted to state the size and physical prowess of the deceased as compared with the defendant, and also the condition in which the board was at the time of the homicide, and from this statement of facts it was for the jury to draw their own conclusions. This is the universally established rule of evidence. See *Saffold* v. *State,* 76 Miss., 258, 24 So. Rep., 314; *Doering* v. *State,* 49 Ind., 56, 19 Am. Rep., 669; *State* v. *Rhoads,* 29 Ohio St., 171.

The other assignments of error present nothing demanding consideration.

*Affirmed.*