(63 South. 593.)

No. 20,020.

STATE v. MAROUN.

(Nov. 17, 1913.  Rehearing Denied Dec. 15, 1913.)

*(Syllabus by the Court.)*

1. INTOXICATING LIQUORS (§ 150*)—OFFENSE —RETAILING WITHOUT LICENSE.

Retailing spirituous liquors without previously obtaining a license from the police jury, town, or city authorities is a statutory offense. Act No. 66 of 1902, p. 93.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 164, 165; Dec. Dig. § 150.*]

2. INTOXICATING LIQUORS (§ 197*)—PROSECUTION IN CITY COURT—AFFIDAVIT.

A prosecution for that offense in the city court, by affidavit, is authorized by section 6 of Act No. 103 of 1898, p. 130.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 216; Dec. Dig. § 197.*]

3. CRIMINAL LAW (§ 1159*)—APPEAL—EVIDENCE.

The Supreme Court will not review the evidence on the trial of a criminal cause.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. § 1159.*]

*(Additional Syllabus by Editorial Staff.)*

4. INTOXICATING LIQUORS (§ 198*)—AFFIDAVIT—SUFFICIENCY—SURPLUSAGE.

In a prosecution for retailing liquor without a license, an affidavit entitled "State of Louisiana v. J. M.," and charging defendant with committing the offense "in violation of the law and against the peace and dignity of the state of Louisiana," was not insufficient, though on a printed blank which stated in the printed matter that the offense was also in violation of the ordinances of a city; the printed statement being merely surplusage.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 218; Dec. Dig. § 198.*]

Appeal from City Court of Shreveport; L. C. Blanchard, Judge.

Joe Maroun was convicted of retailing liquor without a license, and appeals. Affirmed.

Alexander & Wilkinson and Scheen & Blanchard, all of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of Donaldsonville, of counsel), for the State.

SOMMERVILLE, J.  Defendant was found guilty of retailing liquor without a license, and sentenced.

[1, 2] The prosecution was by affidavit under section 6 of Act No. 103 of 1898, p. 130; and the affidavit charges that the alleged crime was committed in violation of the law and ordinances of the city of Shreveport and against the peace and dignity of the state of Louisiana. There is some superfluity of words in the clause last referred to, as the proceeding was in the name of the state,

and because of an alleged violation of a state statute. The words "and ordinances of the city of Shreveport" were unnecessary to support the affidavit or to constitute a valid charge of the offense; they were therefore superfluous and will not be considered. State v. Crittenden, 38 La. Ann. 448; 22 Cyc. 367.

The first bill of exceptions in this record is taken to the ruling of the court in refusing a motion for a new trial, which motion is made a part of the bill.

The motion for a new trial is based upon an alleged error of the trial court in overruling defendant's motion in arrest of judgment, and for a further alleged error "in refusing to find as a matter of law, governing the decision of said case, the propositions of law submitted by his counsel to the court, as fully shown in bill of exceptions No. 1."

As the bills of exceptions are not numbered, and as there are but two in the record, we fail to appreciate the reference to "bill of exceptions No. 1," mentioned in the motion for a new trial. The two bills of exception in the record are taken to the action of the court in overruling the motion for a new trial and the motion in arrest of judgment.

The case was tried by the judge without a jury; and the defendant asked that the court "find as a matter of law, separately, the following propositions of law governing the decision of said case." Then follow seven propositions of law, based upon a statement of facts alleged to have been proved in the case and made by counsel for defendant, and which were denied by the court, "for the reason that the court did not think it good," referring to these several separate propositions.

The evidence was not reduced to writing, was not embraced in the bill of exceptions, and is not therefore before us. There is an unsigned statement in the record, evidently prepared by counsel for the defense, declaring, "that testimony being substantially as follows:" The statement following is not indorsed by the court as being correct or substantially correct; and we are not therefore able to say that the court erred in ruling "that the court did not think it good," referring to the several propositions of law defendant alleged would govern the decision of the case.

Most of the findings by defendant refer to the sufficiency of the evidence introduced on the trial of the cause and aver that the burden of proof was on the state; that the state had not affirmatively proved the allegations contained in the affidavit beyond a reasonable doubt; and that defendant must be acquitted.

[3] In this case, which was tried without a jury, the law makes the trial judge the final judge as to whether the state has made out its case beyond a reasonable doubt or not. The Supreme Court cannot review the verdict of the jury or the judgment of the trial court on questions of fact or decide whether the case has been proved against defendant or not.

But, as we before stated, the matter is not regularly before us. The partial statement of counsel and the requested findings of law are not embraced in a given bill of exceptions taken to the ruling of the court at the time that the judge refused said separate findings for the reason that it "did not think it good."

[4] The next bill of exceptions is taken to the ruling of the court in overruling the motion in arrest of judgment, based upon the allegation that:

"The affidavit herein presented against him sets forth no crime or offense against the laws of the state of Louisiana, but at most sets forth the violation of an ordinance of the city of Shreveport; that under said affidavit he cannot be prosecuted for violating any law of the state of Louisiana or sentenced for said violation, but

at most can only be convicted and sentenced for the violation of an ordinance of the city of Shreveport."

The affidavit clearly sets forth that the defendant "retailed spirituous or intoxicating liquors without first having obtained a license from the police jury of Caddo parish or the municipal authorities of the city of Shreveport," etc. Act 66 of 1902, p. 93, provides that:

"Whoever shall keep a grog or tippling shop, or retail spirituous or intoxicating liquors without previously obtaining a license from the police jury, town or city authorities, on conviction shall be fined," etc.

This is a state statute and not a city ordinance; and the affidavit does set forth a crime or offense against the laws of the state of Louisiana.

The affidavit does not attempt to set forth a violation of an ordinance of the city of Shreveport; and the record is silent as to whether such an ordinance exists or not. It would be unnecessary, as the state statute, defining the offense of retailing liquors without a license, is sufficient for all purposes.

The affidavit in the record appears to have been made on a printed blank intended to be used in charging persons with having committed offenses against the state of Louisiana or the city of Shreveport. But this special affidavit is entitled "State of Louisiana v. Joe Maroun"; and it further charges that defendant committed the offense mentioned "in violation of the law * * * and against the peace and dignity of the state of Louisiana." The printed matter reads, "In violation of the law and ordinances of the city of Shreveport and against the peace and dignity of the state of Louisiana," etc.; but the words, "and ordinances of the city of Shreveport," are surplusage; they are not misleading; and they do not affect the meaning of the words in the affidavit to any extent whatever. There is

nothing doubtful in the language used. It would be better for the prosecuting authorities to use separate printed blanks in prosecutions on behalf of the state and those on behalf of the city. But, where it is not shown that there has been confusion or that defendant has been misled by the use of the blank which was printed for both the state and city, it is quite clear that defendant has not suffered in any way, and the judgment appealed from will not be reversed.

Judgment affirmed.