LAND, J.
The information charged that the defendant, at and in the parish of De Soto, did unlawfully sell, retail, and barter spirituous and intoxicating liquors without having first secured a license from the police jury of De Soto parish so to do, and which police jury had refused to issue such license.
Defendant was in due course .tried, convicted, and sentenced, and has appealed.
[1] In this court the defendant, in his argument and brief, has for the first time raised the question of the sufficiency of the information, and contends that the information is fatally defective, in that it does negative the obtention of a license from “town or city authorities” in the parish of De Soto.
Act 66 of 1902 reads, in part, as follows:
“Whoever shall * * * retail spirituous or intoxicating liquors without previously obtaining a license from the police jury, town or city authorities, on conviction shall be fined,” etc.
It has been held that a charge in the disjunctive words of the statute is good. State v. Maroun, 133 La. 1087, 63 South. 593. But it does not follow that a charge that the accused sold intoxicating liquor without first obtaining a license from the police jury is bad.
Section 2 of Act 176 of 1908 requires police juries and municipal authorities to levy and collect license taxes on the business of selling intoxicating liquors. Section 3 penalizes the sale of intoxicating liquors without a license, and Act 66 of 1902 penalizes such sale without a license from any of the political subdivisions named therein.
The objection of the defendant is leveled at the omission of the words “town or city authorities.”
[2] The information is good, if De Soto is-a prohibition parish, and the allegation that the police jury had refused to issue liquor licenses tends to,support that inference. As no town or'city has authority to issue liquor licenses in a prohibition parish, the issuing of such a license is no protection against a prosecution, for selling liquor without a license. State v. Laborde, 119 La. 410, 44 South. 156, 12 Ann. Cas. 711. There is no-contention in the record that De Soto is a “wet” parish, but even in such a case the-defendant would be liable to prosecution for selling liquors without a parish license.
“The only legal mode of selling such liquors, is a license from the parish, and the failure to obtain such a license, from any cause, must be construed as a violation of the law. State v. Kuhn, 24 La. Ann. 474.”
See State v. Brown, 41 La. Ann. 774, 6 South. 638.
We think that the information may be amenable to the charge of duplicity or vagueness, but that its defects are not of substance, and that defendant’s objections come too late. See Marr’s La. Crim. Juris. § 250. pp. 428-430.
In a recent case we said:
“It is obvious that an offense is charged, as intoxicating liquors cannot be sold in a ‘wet’ parish without a license, and no license can issue in a ‘dry’ parish. * * * The charge may have been double. * * * Defendant’s remedy was by motion to elect. State v. Clement, 42 La. Ann. 583, 7 South. 685.”
See State v. J. J. Hollingsworth (No. 21, 196) 68 South. 834, ante, p. 478, recently decided.
The bills of exception in the record involve only questions of fact, on which there is no evidence except the adverse statements-of the trial judge.
Judgment affirmed.
PROVOSTY and' O’NIELL, JJ., dissent.