State vs. Collins.

No. 11,690.

THE STATE VS. BOLES COLLINS.

The charge of the court on a trial for murder that the killing is proved; that there is but little question of manslaughter and none of justifiable homicide, and implying that the prisoner was present; whose actions and conduct the jury are instructed they may consider, clearly express conclusions of the court on the facts, in violation of the law, prohibiting such expression. The departure from the law is made more distinct, when it appears from the bill the defence claimed the prisoner was not present when the crime was committed. Rev. Statutes, Sec. 991; Constitution, Art. 168,

APPEAL from the Seventh Judicial District Court, Parish of Tensas. *Montgomery, J.*

*M. J. Cunningham*, Attorney General, and *Joseph E. Ransdell*, District Attorney, for Plaintiff and Appellee.

*R. H. Snyder, Jr.*, for Defendant, Appellant.

The opinion of the court was delivered by

MILLER, J. From the sentence for murder defendant appeals, and relies on the motion to quash, assailing the constitutionality of Act No. 69 of 1890, organizing the courts, and on exceptions to the charge of the court. The first ground is disposed of by our decision in State vs. Harris, *Ante*, p. 386.

The charge of the court, the subject of the exceptions, is embraced in these propositions:

1. " There is very little question of manslaughter in this case, and none of justifiable homicide."

2. " The chief difficulty in this case will be whether the accused did the killing; you will have little difficulty with anything else in the case."

3. " You may take the actions, conduct and words of the prisoner at the time (of the killing), or after, into consideration."

It is true that in other portions of the charge the issues of fact were fairly submitted to the jury under the appropriate instructions as to the law. But the portions of this charge the subject of the exceptions, in our view, clearly trench upon the functions of the jury, and exceed the power of the court. Our law limits the judge

in charging the jury in criminal cases to the instruction of the law applicable to the case.   He is forbidden from stating the evidence so as to influence the jury, and from expressing any opinion as to the facts proved or disproved. R. S., Sec. 991; Constitution, Art. 168. The instructions in effect announce conclusions on important issues of fact. The jury are instructed substantially that the killing is proved; that there is no justification, and but little question as to whether the act admits of mitigation by reducing it to manslaughter. The implication is clearly conveyed the prisoner was present, and that his actions and conduct at the time of the killing may be taken into consideration.   The only element of the offence left untouched by the instructions is whether the prisoner committed the crime.   The charge implying his presence is the more objectionable, in view of the fact that the defence relied on establishing the prisoner was not present. It is, we think, plain the verdict must be set aside.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be reversed and set aside, and it is further adjudged and decreed that the case be remanded, and the defendant held for another trial in accordance with law.