(35 South. 952.)

No. 15,062.

STATE ex rel. JEFFERSON v. GRAY, Judge.*

(Jan. 4, 1904.)

INTOXICATING LIQUOR—LICENSES—ILLEGAL SALE—STATUTES—REPEAL—PENALTY.

1. Act No. 66, p. 93, of 1902, is binding to the extent that it is binding in parishes in which they have adopted local option or prohibition ordinances, and Act No. 107, p. 161, of 1902, is binding in parishes in which licenses are issued to liquor dealers.

2. Act No. 66, p. 93, of 1902, was given effect in State v. Brown, 6 South. 638, 41 La. Ann. 771, in prohibition parishes, and that effect remains as laid down in that decision, and Act No. 107, p. 161, of 1902, governs in all parishes in which licenses are issued.

3. The penalty is provided in Act No. 66, p. 93, of 1902, in prohibition parishes, and Act No. 107, p. 161, of the same session, provides a penalty in parishes in which licenses are issued.

Provosty, J., dissenting.

(Syllabus by the Court.)

Application by the state, on the relation of Nelson Jefferson, for writs of certiorari and prohibition to W. J. Gray, judge of the Seventh Judicial District Court. Writs denied.

George Wesley Smith, for relator. Walter Guion, Atty. Gen., and John R. McIntosh, Dist. Atty. (Lewis Guion, of counsel), for respondent.

BREAUX, J. This case involves primarily the question of the repeal vel non of Act No. 66, p. 93, of 1902.

The grand jurors of the parish of Lincoln presented an indictment to the court against Nelson Jefferson for unlawfully retailing spirituous and intoxicating liquors without having previously obtained a license from the police jury of the parish of Richland, or any other authority. He was tried and convicted as charged.

He presents a petition for a writ of prohibition to prohibit the respondent district judge from executing the verdict returned by pronouncing sentence as required after conviction.

The contention of the defense is that Act No. 66, p. 93, of 1902, has been repealed by

*Rehearing denied February 29, 1904.

Act No. 107, p. 161, of the same session of the General Assembly at which the former was enacted; that the offense charged is graded under the last-mentioned statute; that no licenses are issued in Richland parish, and consequently no penalty can be imposed and no sentence pronounced, as there can be no grading.

Relator, at the outset, in the argument presented in his behalf, admits that one could be prosecuted in a prohibition parish although no license had been fixed prior to Act No. 107, p. 161, of 1902. This admission accords entirely with the decision in the case in State v. Brown, 41 Ann. 771, 6 South. 638, which we paraphrase as follows: One is not less guilty who sells liquor in a prohibition parish, wherein license is not issued, than one who sells liquor without a license in a parish in which licenses are issued.

The complaint of relator is that Act No. 107 is the last statute upon this subject, and that it has the effect of brushing aside all other statutes upon the subject.

If that should be the correct idea in regard to the extent of this law, then it follows that the prosecution must fall, for conviction would not be possible under Act No. 107, by reason of the fact that penalties imposed are based exclusively upon licenses.

We have seen that licenses are not issued in Richland, being a prohibition parish. It follows, from plaintiff's point of view, that no penalty can be imposed under the circumstances.

Manifestly this never was the intention of the lawmaking power.

If relator is right in his contention, then it must be held to have grown out of some oversight or error in legislation—a conclusion at which we would not feel justified in arriving unless it was quite manifest, particularly in view of the fact that these two laws, one of which relator urges was repealed by the other, were enacted at the same session of the Legislature. The repeal here, if there be a repeal, is by implication. It is well settled that repeal by implication is not favored.

The repealing section of Act No. 107 is not general regarding all laws, but is directed against law in conflict of or inconsistent with the last law in question.

The last statute provides that any one who

retails intoxicating liquors without having obtained a license, shall be, if found guilty, punished.

Every one knew when this statute was enacted that there are parishes, being prohibition parishes, in which no licenses are issued.

We will not assume, in view of this fact, that the Legislature was directing a statute in enacting Act No. 107 to affect prohibition parishes, as they are not in the least concerned with the issuance of any licenses.

If it be, as contended by relator, that the last statute governs exclusively, then prohibition heretofore sanctioned will not prohibit. It will be prohibition eo nomine, suggestive of the familiar reference—Hamlet without the character of Hamlet; mere child's play. That we will not assume was intended.

Act No. 66 of 1902 will be taken as in full force and effect in prohibition parishes, directed against grogshops, with interpretation heretofore placed upon it by the decisions of this court; and Act 107, of full force and effect in parishes in which licenses are issued.

The former act, with the interpretation heretofore placed upon it by decisions, is not in conflict with Act No. 107 of 1902.

It is therefore ordered, adjudged, and decreed that effect be given to the finding by the court that defendant (relator here) be fined according to law, as sanctioned by Act No. 66 of 1902, and the order nisi is recalled and discharged. The writs of certiorari and prohibition are denied, and relator's petition is dismissed.

PROVOSTY, J., dissents.