It is further ordered, adjudged, and decreed that the accused be discharged.

---

(42 South. 792.)

No. 16,447.

STATE v. ROBIRA.

In re ROBIRA.

(Jan. 21, 1907.)

1. WEAPONS—CARRYING CONCEALED WEAPONS —STATUTES—REPEAL.

Act No. 43, p. 58, of 1906, denouncing the offense of carrying concealed weapons, repealed section 9, Act No. 107, p. 163, of 1902, grading the same offense and prescribing penalties therefor. State v. George Smith (No. 16,355) 42 South. 791, ante, p. 248, reaffirmed.

2. SAME—MISDEMEANORS—GRADING PUNISHMENT.

The failure of the Legislature of 1902 to regrade the offense of carrying concealed weapons, pursuant to article 155 of the Constitution, did not render Act No. 43, p. 58, of 1906, unconstitutional.

(Syllabus by the Court.)

John J. Robira was convicted of carrying a concealed weapon, and applies for certiorari and prohibition. Application dismissed.

John Joseph Robira (Percy Thompson Ogden, of counsel), for relator.

LAND, J. The applicant was indicted under Act No. 43, p. 58, of 1906, for the offense of carrying a concealed weapon, and was tried and convicted. Thereupon the defendant filed a motion in arrest of judgment on the ground that said act was unconstitutional because it purported to amend and re-enact Act 61, p. 86, of 1902, which had been already repealed by Act No. 107, p. 161, of 1902, the present law of the state, pursuant to article 155 of the Constitution.

In the recent case of State v. George Smith (No. 16,355) ante, p. 248, 42 South. 791, we held that Act No. 43, p. 58, of 1906 repealed section 9, Act No. 107, p. 163, of 1902, grading the offense of carrying concealed weapons, and Act No. 61, p. 86, of 1902, denouncing the same offense.

Act No. 43, p. 58, of 1906, is the only statute in force denouncing the offense of carrying concealed weapons, and in its enactment the Legislature partially complied with the provisions of article 155 of the Constitution of 1898 by fixing the "minimum and maximum penalties" for the offense, but did not grade the same as directed by said article, which reads:

"The General Assembly shall grade all misdemeanors and minor offenses and shall fix the minimum and maximum penalties therefor."

The General Assembly made no attempt to obey this direction until the passage of Act No. 107, p. 161, of 1902. Hence the lawmaker has construed the article as directory —as imposing a duty, but at the same time not requiring that the duty should be performed within any particular time. It was surely not intended by the framers of the Constitution of 1898 that criminal statutes denouncing misdemeanors and minor offenses should be nullified by the failure of the Legislature to grade the same at its first session. Article 155 denounces no penalty for disobedience, and there is no power that can compel the Legislature to take affirmative action in the premises. The performance of a duty imposed by the Constitution on the Legislature depends solely on its own volition,

guided by the sense of public duty. In re State Census, 6 S. D. 540, 62 N. W. 129. The failure to perform such a duty, although mandatory in terms, does not nullify an act of the Legislature on the subject-matter. Schulherr v. Bordeaux, 64 Miss. 59, 8 South. 201.

It is therefore ordered that the application herein be dismissed, with costs.