(43 South. 50.)

No. 16,431.

STATE v. DUEFFECHAUX.

(Feb. 4, 1907.)

1. CARRYING WEAPONS—STATUTE—REPEAL BY IMPLICATION.

Act No. 3, p. 58, of 1906, denouncing the carrying of concealed weapons, repeals prior acts on the same subject-matter. State v. Robira, 42 South. 792, ante, p. 251; State v. George Smith, 42 South. 791, ante, p. 248.

2. CRIMINAL LAW—APPEAL—JURISDICTION.

The fine imposed was within the jurisdiction of the criminal district court and of the Supreme Court.

(Syllabus by the Court.)

Appeal from Criminal District Court, Parish of Orleans; Frank D. Chrétien, Judge.

Louis Dueffechaux was convicted of carrying a concealed weapon, and appeals. Affirmed.

Henry Oscar Hollander, for appellant. Henry Mooney, Asst. Dist. Atty., for the State

BREAUX, C. J. An information was filed, on motion of the assistant district attorney, charging the defendant with carrying concealed weapons—a dirk knife concealed about his person.

He was arraigned on the charge preferred, and pleaded not guilty. He was tried, and after hearing the trial judge found him guilty.

After judgment had been pronounced defendant presented a motion in arrest of judgment, in which he urged that Act No. 43, p. 58, of 1906, did not have the effect of repealing prior acts.

This was the act under which he was prosecuted and convicted.

He further urged that the court was without jurisdiction ratione materiæ.

The motion was overruled. The court sentenced the defendant to pay a fine of $325, and, in default of payment, to imprisonment in the parish prison for two months.

From the judgment and sentence, defendant appealed. On appeal he, through counsel, in a motion to submit on the record before the court, admitted that the legal questions involved have been settled since the appeal was taken.

The decisions in which the questions have been passed upon are State v. John J. Robira,

ante, p. 251, 42 South. 792, and State v. George Smith, ante, p. 248, 42 South. 791.

In this motion it is alleged that only the exception of want of jurisdiction ratione materiæ remains for decision.

There is no merit in the exception. A fine exceeding $300 was imposed, and in consequence the appeal was properly brought to this court, under article 139 of the Constitution. There was no brief filed in the case or appearance made at bar.

The law and the evidence being with the state, the judgment is affirmed.