Statement of the Case.
NICHOLLS, J.
In the petition of the applicants for the writs mentioned they allege that:
“They, with Charles A. Hageman, were jointly indicted in the First judicial district court in and for the parish of Caddo, La., in two cases numbered, respectively, 10,854 and 10,856 on the docket of said court, and both entitled ‘State of Louisiana v. Chas. A. Hageman et al.’ That the offense charged in said indictment was ‘unlawfully did retail intoxicating liquors, without previously obtaining a license from the police jury of the parish of Caddo or the municipal authorities of the city of Shreveport.’ That the cases were tried before Hon. A. J. Murif, one of the judges of said court, and in both cases relators were found guilty as charged, and were sentenced to pay a fine of $100 and costs and to suffer imprisonment for the term of 30 days. They show that the sentence thus imposed upon fó based on Act No. 66, p. 93, of 1902, where the following language is used:
“ ‘Whoever shall keep a grog or tippling shop or retail spirituous or intoxicating liquors without previously obtaining a license from the policy jury, town or city authorities, on conviction shall be fined not loss than one hundred dollars nor more than five hundred dollars, and in default of payment of fine and costs shall be imprisoned for a term within the discretion of the court or shall suffer fine amd, imprisonment as the court may deem proper.’
“Relators aver the particular clause of said language upon which the state relies to sustain said sentence is that italicized above, to wit, ‘or shall suffer fine and imprisonment as the court may deem proper.’ They represent that so much of said act as authorizes ‘imprisonment,’ and particularly said clause last referred to, is unconstitutional, in this: That the same violates article 155 of the Constitution of Louisiana, that said article of the Constitution requires a minimum and maximum penalty to be fixed for all misdemeanors, and that the offense charged against relators is a misdemeanor.
“Relators are not complaining of the fine imposed upon them, because, in so far as the fine is concerned, the act is constitutional. It is constitutional, because it fixes a minimum and maximum penalty. It reads, ‘shall be fined not less than one hundred dollars nor more than five hundred dollars.’ Under this relators were fined $100.
“But the court went further, and in addition to the fine of $100 imposed imprisonment of 30 days. This part of the sentence your relators aver to be void, because Act No. 66, p. 93, of 1902, in authorizing imprisonment, did not fix a minimum and maximum penalty, and the same is not fixed elsewhere in the law for this class of cases, to wit, selling intoxicating liquors in a prohibition parish like Caddo.
“Relators show that this honorable court has judicially determined that Act No. 66, p. 93, of 1902, is the statute governing in prohibition parishes, and that section 8. Act No. 107, p. 163, of 1902, is the statute governing in parishes where the sale of intoxicating liquors is permitted under licenses imposed by law. State ex rel. Jefferson v. Gray, Judge, 111 La. 853, 35 South. 952.
“They aver that Caddo parish, pursuant to election held under ordinance of the police jury, became a prohibition parish on and after January 1, 1909, and no licenses are or can be issued for the sale of intoxicating liquors in said *805 parish, and that of this the court will take judicial cognizance. Relators aver that they are imprisoned under a statute (or part thereof) void for unconstitutionality, and that so much •of their sentence aforesaid as imposes imprisonment upon them is null. They show they have and had no redress by appeal, for, considering the sentence imposed, this honorable court had no appellate jurisdiction of the case, and that their only redress or remedy is through the writs of prohibition and certiorari. They represent that their case, in this respect, comes with, in. the rule laid down in State ex rel. Hart v. Hicks, Judge, 113 La. 845, 37 South. 776, where it was held that ‘under a writ of certiorari, after a final judgment has been rendered in the case, issues of a grave character may be reviewed, such as those arising from want of jurisdiction or because a sentence is imposed in excess of the limits laid down in the statute.’
“They allege that in the instant case a sentence is imposed that is invalid, because the law authorizing it is unconstitutional. Relators show that they are now imprisoned under said void sentence, and that the honorable judge, A. J. Murffi aforesaid, will proceed further to execute said void sentence by holding them in custody for the remainder of said term of 30 days’ imprisonment, unless restrained by your honorable court. They aver that, besides being held in durance as above, they are being compelled to work on the public roads. They represent that grave and serious injury is being done them by the execution of said void sentence or imprisonment. They show that due notice of this application has been given as the law directs. The premises considered, relators pray that your writs of certiorari and prohibition issue herein, according to law, directed to the Honorable A. J. Murffi, judge aforesaid, forbidding the further execution of' said void sentence of imprisonment pending the further orders of this honorable court, and directing that, pending the determination of the issues herein raised, relators be admitted to bail and released from custody on giving bond, with security, in such amount as your honorable court may fix, or the district judge may fix, under order from your honors to him to fix the same, conditioned as the law directs.
“They pray that a day and hour be fixed by the court for the said district judge to show cause why the writs applied- for should not be made perpetual; that he be required to send up the record in each of the cases aforesaid, to wit, Nos. 10,854 and 10,856 on the criminal docket of the district court of Caddo parish, to the end that the validity of the proceedings had therein, in so far as said sentence of imprisonment upon relators is concerned, be inquired into and passed upon by this honorable court; t-hat, on hearing had, that part of the sentence aforesaid objected to be annulled and set aside, as being without sanction of valid and constitutional law; and that to this end the writs applied for be made perpetual, for all orders necessary, and for general relief.”
The application being considered, the record was ordered to be brought up, in so far as the same related to the indictment, trial, conviction, and sentence of the relators, to the end that the validity of the sentence of imprisonment of 30 days imposed upon them should be inquired into and ascertained.
It was further ordered that a preliminary writ of prohibition issue, commanding A. J. Murff, district judge of the First judicial district court of the state of Louisiana, for the parish of Caddo, to proceed no further in the execution of the said sentence of imprisonment of relators, pending the determination of the issue raised on the application.
The district attorney of the first judicial district was ordered to be notified of this order. The judge of the court was ordered to show cause why the relief prayed for should not be granted. He has answered for cause:
“That Chas. Hageman, Jno. Rosetti, and Jack Robbins were jointly indicted, tried, and convicted of retailing intoxicating liquors without a license in'Caddo parish, where prohibition prevails. Chas. Hageman applied for a new trial, but Jno. Rosetti and Jack Robbins were sentenced each to 30 days upon the public road and ordered to pay a fine of $100 and all costs, and in default of payment of fine and costs each was to serve 30 days additional on the public road.
“No motion for rehearing, no motion in arrest of judgment, nor objection to the constitutionality of act, was made by them; but each in the presence of his counsel accepted sentence and went out upon the public road to work out his sentence. The other defendant, Hageman, was refused a new trial several days later. After Hageman’s motion for a new trial was overruled, Rosetti and Robbins applied to your honors for writs of certiorari and prohibition calling attention for the first time before your honors that the portion of Act No. 66, p. 93, of 1902, which authorized the court to punish the violators thereof with imprisonment, was unconstitutional, inasmuch as the maximum and minimum punishment of imprisonment had not been fixed in the act, as required by article .155 of the Constitution of 1898.
“While respondent thinks the question should have been presented to the lower court in some form before calling upon the supervisory powers of the Supreme Court, we shall not make, so far as respondent is concerned, any technical *807 objection to the same, but answer to the merits at once.
“Respondent shows that Act No. 66, p. 93, o£ 1902, is constitutional for two reasons. To simplify matters, your honors decided (in State ex rel. Jefferson v. Gray, 111 La. 854, 35 South. 952) that Act 66, p. 93, of 1902, and Act No. 107, p. 161, of 1902, are not in conflict with each other; that Act No. 66 applied to parishes where no license could be issued, such as the one at bar; and that Act No. 107, p. 161, of 1902, applied to parishes where licenses could be issued. Hence we will direct ourselves to the constitutionality of Act No. 66, p. 93, of 1902.
“Article 155 of the Constitution of 1898 reads: ‘The General Assembly shall grade all misdemeanors and shall fix the maximum and minimum penalties therefor.’
“It is clear that Act No. 66, p. 93, of 1902, neither graded the offense nor fixed the maximum and minimum penalties so far as to the imprisonment of the violator. If article 155 of the Constitution is sacramental, both as to ‘grading’ and ‘fixing the maximum and minimum,’ then the act is unconstitutional, both as to the fine and imprisonment, and a dead letter; for it does not pretend to ‘grade’ the offense, either as to fine or imprisonment. The sole question, then, is: Did the failure of the Legislature to ‘grade’ the offense and ‘fix the maximum and minimum penalties’ render the act null and void?
“Your honors have said, and repeatedly said, it did not, and surely we judges of the lower courts have no better light to guide us than that furnished by our Supreme Court. In the case of State v. Robira, 118 La. 251, 42 South. 792, your honors said: ‘The failure of the Legislature to “regrade” the offense of concealed weapons, pursuant to article 155 of the Constitution of 1898, did not render Act No. 43, p. 58, of 1906, unconstitutional.’
“You held that, whether directory or mandatory, there was no penalty attached to the failure to do so, and that the failure to do so by the Legislature did not nullify the act.
“If the failure to ‘grade’ is not sacramental it is clear that the failure to ‘fix the minimum or maximum punishment’ cannot bo so; for one is as mandatory as the other. But you have not left us with this reasonable inference alone, but said in the case of State v. Pearson et al., 110 La. 387, 34 South. 575, that ‘the failure to fix the maximum fine in Act No. 64, p. 89, of 1902, was not in conflict with article 155 of the Constitution.’
“Again, in State v. Cucullu, 110 La. 1087, 35 South. 300, you said: ‘The minimum penalty as to fine could very well mean the least amount of money recognized by law, and the minimum punishment in prison the least recognized subdivision in time.’
“If, then, the failure to ‘grade’ in the Robira Case, 118 La. 251, 42 South. 792, is not sacramental, the failure to fix the maximum penalty in the Pearson Case, 110 La. 387, 34 South. 575, is not sacramental, and the failure to fix the minimum penalty in the Cucullu Case, 110 La. 1057, 35 South. 300, is not sacramental, what other reasonable conclusion can be reached but that the failure to ‘grade’ and ‘fix maximum and minimum penalties’ does not render the act unconstitutional.
“These decisions of your honors are so clear-cut that no other logical conclusion could be reached than that the failure of the Legislature to do either one or all of these acts does not render the act unconstitutional, if constitutional in other respects.
“But, if you are unable to reach this conclusion from the reasons given above, we refer you to article 325 of the Constitution, which says: ‘That all laws in force at the time of the adoption of this Constitution not in conflict therewith, and constitutional when enacted, shall remain in full force and effect until altered or repealed by the General Assembly,’ etc.
“Now, there was a law on the statute books at the adoption of the Constitution which reads (section 982, Rev. St.): ‘Whenever the punishment of fine and imprisonment are left by law at the discretion of any court, the fine shall not exceed one thousand dollars, nor imprisonment two years.’
“The law fixed the maximum and minimum penalties in all cases where fine and imprisonment are left to the discretion of the court, and such an effect must be given it under article 325 of the Constitution until the General Assembly shall ‘alter or repeal it.’
“For fear the technical counsel may contend that Act No. 107, p. 161, of 1902, does repeal it, I again quote your honors. In State v. Kiernan et al., 116 La. 739, 41 South. 55, you said, in a case on all fours with the one at bar, that ‘section 982 is in no manner superseded by Act No. 107, p. 161, of 1902.’
“And you held in State ex rel. Jefferson v. Gray, 111 La. 854, 35 South. 952, that Act No. 66, p. 93, of 1902, and section 8, Act No. 107, p. 163, of 1902, were not in conflict and did not supersede the one the other.
“It is so clear that the act under which defendants were sentenced is constitutional that we rest the case, with the prayer that the writs be denied and lower court ordered to recall bond of defendants.”
The issue raised, is now before us for decision.
In the brief filed on behalf of relators, counsel says:
“No attack is made on the constitutionality of the statute under which the conviction of relators took place. The attack is leveled only against that part of the penalty clause of Act No. 66, p. 93, of 1902, which authorizes the imprisonment of relators. The act is constitutional in so far as it authorizes the prosecution of relators for the offense charged against them. It is constitutional in so far as the fine part of *809 the penalty is concerned, to wit, that, if convicted, relators shall be fined in a sum not less than $100 and not more than $500. In this respect the mandate of article 155 of the Constitution was observed. The minimum and maximum penalty as to the fine is fixed, but not so as to that part of the penalty relating to imprisonment. There neither the minimum nor the maximum penalty is fixed. * * * The fine part of their sentence should stand. The imprisonment part should be set aside.”
Opinion.
In the year 1898 a Constitution for the state was adopted. Article 155 of that instrument is in these words:
“The General Assembly shall grade all misdemeanors and minor offenses against the state and shall fix the minimum and maximum penalties for the same.”
At that date section 982 of the Revised Statutes (which reads: “Whenever the punishment of fine and imprisonment shall he left by law to the direction of any court the fine shall not exceed one thousand dollars nor the imprisonment two years”) was in full force. It had for many years influenced the General Assembly as to the terms in which it enacted many of the criminal laws of the state. The laws as so enacted had been constantly enforced by the courts.
Article 155 of the Constitution is a constitutional direction, addressed to the General Assembly. It leaves to that body to determine for itself the time, the manner, and the extent of carrying it into effect. It was not a' limitation upon the power and authority of the Legislature, which was as legally free as it was before. It carried with it no penalty for its nonexecution. Until the action of the General Assembly is affirmatively unconstitutional, it cannot be reached by the courts. The Constitution does not vest in the judiciary supervisory jurisdiction over the General Assembly, or authorize it to remedy inaction on its part. In State v. Robira, 118 La. 253, 42 South. 792, this court said:
“The General Assembly made no attempt to obey this direction until the passage of Act No. 107; hence the lawmaker had construed the article to be directory, as imposing a duty, but at the same time not requiring that the duty should be performed within any particular time. It was surely not intended by the framers of the Constitution of 1898 that criminal statutes denouncing misdemeanors and minor offenses should be nullified by the failure of the Legislature to grade the same at its first session. Article 155 denounces no penalty, and there is no power that can compel the Legislature to take affirmative action. The performance of a duty imposed by the Constitution on the Legislature depends solely on its own volition, guided by its sense of public duty. In re State Census, 6 S. D. 540, 62 N. W. 129. The failure to perform such a duty, though mandatory, does not nullify an act of the Legislature. Schulher v. Bordeaux, 64 Miss. 59, 8 South. 201.”
When the General Assembly in 1902 took action on the subject, it only did so partially. In Act No. 107, p. 161, of 1902 (the first statute which made an attempt at grading criminal misdemeanors), the Legislature showed that in its opinion there were crimes which, if susceptible in fact of being graded, should none the less stand alone as having but one grade, and for which the punishment should be single or uniform; that is to say, without reference to the particular circumstances under which they should be committed. Slander, for instance, was so classed to be a crime of that character. “The retailing of liquors without a license,” dealt with in Act No. 66, p. 93, of 1902, was also a crime of that character. It was directed against the “retailing of liquors without a license” in prohibition parishes, as distinguished from doing so in parishes where such selling was allowed, conditioned, however, upon obtaining a license from the local authorities. The retailing of liquors without a license, referred to in Act No. 66, p. 93, of 1902, was a substantive crime, one separate and distinct from that denounced in Act No. 107 of the same year. It was not repealed or superseded by the later act. There are no particular circumstances attached by this law itself to the retailing of liquors without a license in prohibition parishes which causes the gravity *811 of the offense to be greater or less by reason of the same. Every offense falling under that statute is made under the terms of the law itself to stand upon the same footing. Should there be, in any case falling under that statute, particular facts which would tend to palliate the offense, it is left to the judges themselves to ascertain the same through the evidence adduced, and to give to such facts the mitigating effect flowing from them, which they would deem right, either under the power which specially belongs to them under the particular statute, or which belongs to them under some general statute. The authority of the General Assembly to leave to the judges trying criminal cases the right to fix to some extent the punishment to be meted out to persons convicted of crime, based upon the special facts of a particular case, is as unlimited now as it ever was.
All that is necessary is that the extent of this power and authority be made known by the General Assembly, and not left to be determined by the judges themselves. A judge is not required necessarily to find such authority in the special act under which a party is convicted. He may find it in a general act; the authority given to him in such general act reaching over to and applying to the special case. This court has constantly recognized that fact, and the Legislature, in framing its criminal laws, has acted upon the strength of that recognition by the judiciary. It would be disastrous and unjustifiable for this court to change its position on that subject at this late day. In State v. Pearson, 110 La. 397, 34 South. 578, this court dealing with a statute passed after 1898, said, referring to article 155 of the Constitution:
“It was left to the Legislature to do by general act, or in each particular act it might pass relating to misdemeanors, what the latter clauses of that article command, viz., fix the minimum and maximum penalties for such offenses. The article does not direct that the General Assembly, in enacting each particular law relating to misdemeanors, shall in such act fix the minimum and maximum penalties therefor. It directs the grading of misdemeanors and minor offenses and the fixing of minimum and maximum-penalties. The first part of the article is unquestionably directory. The latter part may be mandatory. But, if mandatory, it may be done by general statute, and we find such a general statute in force limiting maximum fines, while the particular statute under which the appellee is being proceeded against limits the minimum fine assessable against him. As we have seen, Act No. 107, p. 161, of 1902, purporting to carry article 155 into effect, really does so as to certain minor offenses only, and the said act by its thirteenth section leaves unrepealed laws not inconsistent with it. Section 982, Rev. St., is not inconsistent with it. We hold that section 982 and the statute under which the appellee is being prosecuted, taken together, met the requirements of article 155 of the Constitution, and left that portion of the third section under discussion out of the slough of despond; i. e., unconstitutionality.”
In the same volume (State v. Cucullu, 110 La. 1093, 35 South. 300) the defendant was convicted of having violated Act No. 34, p. 42, of 1902 (passed since the Constitution of 1898). The punishment for the offense was by a fine not exceeding $100, or by imprisonment in the parish prison not exceeding one year, or both, in the discretion of the judge.
It was claimed by the appellant that the act was unconstitutional; that it violated article 155 of the state Constitution, in that it did not fix the maximum and minimum penalties for acts denounced and punished as misdemeanors.
With reference to that contention this court said:
“The punishment affixed by the statute for its violation was a fine not exceeding $100 or imprisonment in the parish prison not exceeding one year. The minimum penalty as to the fine is-the least amount of money recognized by law. The minimum as to imprisonment is the least recognized subdivision of time. The minimum fine was fixed' at $100, and the maximum imprisonment one year. The lower and the upper limit of punishment are both fixed, with a discretionary power conferred upon the judge to fix the punishment to be applied to any particular case according to the fac's,- from a mere nominal fine up to, but not beyond, $100, and the imprisonment up to, but not beyond, one year in the parish prison. We find nothing in the Constitution prohibiting the Legislature from *813 leaving to the trial judge the discretionary power of fixing the punishment between declared limits. The questions raised herein are to some extent met and covered by the decision in State v. Pearson, recently decided.”
Relator has no legal concern in the lower limit affixed to the punishment of the crime, which is really in his favor. The minimum penalty is fixed in the interest of the state, to guard against too great consideration on the part of judges towards convicted persons.
When the statute declares that the punishment for a crime shall be “imprisonment not exceeding a given time,” it necessarily follows, ex vi terminorum, that any punishment less than that mentioned as a maximum penalty is authorized and valid, unless an express limitation is mentioned. In the absence of such expressly declared^ limitation, the lawmaker will be held to have intended that the punishment downward should be as low as the least recognized subdivision. That is the necessary result of the terms of the law. The lawmaker has not said that each act should mention that fact in express words. To have required that each act should state that the minimum for imprisonment under it should be fixed at the least recognized subdivision of time, or one second, would be to say that the law required a vain and useless act. The court has repeatedly held that it does not require vain and useless acts to be done.
For the reasons assigned, it is hereby ordered, adjudged, and decreed that the orders hereinbefore granted be withdrawn and set aside, and it is now ordered and decreed that the relators’ application be rejected and dismissed, at their costs.