A stockholder may become a creditor, is the keynote of that decision.

In the Cahill Case, 47 La. Ann. 1485, 17 South. 784, there was a different condition. It was not thought in that case that the directors had acted fairly toward the creditors.

It being settled that directors and stockholders may become creditors and rank as to their claim the same as other creditors, we come next to the proposition pressed upon our attention by the appellant; that is, that stockholder creditors, with full knowledge when they become creditors that the stock of the corporation had been sold for less than its par value, are not entitled to share in the proceeds.

We do not find it possible to agree with that view. They are creditors despite the fact that they knew that the stock was issued for less than par. We see no necessity for two classes of creditors, one whose rights should be made to depend upon the fact that they knew that stock had been issued for less than its par value, and the other class without that knowledge. It would create a difference without good reason. It would not be a clear-cut proposition. It might result in retarding the liquidation and settlement of corporations by receivers. Besides, it cannot be maintained in our jurisprudence, which holds that they are creditors with full right except where they have acted improperly toward their fellow stockholders.

And then, again, it would be singular if a creditor owning only one share of little value were excluded from participating in the disposition of the "trust fund" although he might be a creditor for thousands of dollars.

True, shares should not be issued for less than their par value. It may be that on that account the existence of the corporation itself might be at stake. None the less, as relates to the point directly at issue here, the shareholders are made to pay the amount which should have been paid in the first place.

The estoppel pleaded cannot be maintained.

Many decisions rendered in other jurisdictions have been cited by the appellant. They were rendered under other laws than ours.

We take up for special mention the two decisions of the Supreme Court of the United States cited by the receiver, to wit: Stone v. Farmers' Loan & Trust Co., 116 U. S. 345, 6 Sup. Ct. 334, 29 L. Ed. 636, and Bank of Ft. Madison v. Alden, 129 U. S. 375, 9 Sup. Ct. 332, 32 L. Ed. 725. They each relate to fraud and undue advantage sought by the stockholders.

There is nothing of the kind in this case, and it follows that these decisions are not pertinent.

For reasons assigned, the judgment appealed from is affirmed at appellant's costs.

NICHOLLS and MONROE, JJ., dissent.

———

(49 South. 1011.)

No. 17,658.

STATE v. BAILEY.

(June 14, 1909.)

124    152
f124    976

1. INTOXICATING LIQUORS (§ 45*)—STATUTES —REPEAL.

Act No. 107, p. 161, of 1902, relating to the sale of liquors without a license, does not repeal Rev. St. § 910, as amended by Act No. 66, p. 93, of 1902, as both acts have full scope in reference to subjects to which they apply.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 45.*]

2. CRIMINAL LAW (§ 1206*)—PUNISHMENT— MAXIMUM AND MINIMUM PENALTIES.

Act No. 66, p. 93, of 1902, relating to the sale of liquors without a license, is not violative

of Const. 1898, art. 155, providing that the Legislature shall fix the minimum and maximum penalties for misdemeanors.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1206.*]

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; W. P. Edwards, Judge.

Paul H. Bailey was convicted of selling liquors without a license, and appeals. Affirmed.

White & Samson, for appellant. Walter Guion, Atty. Gen., and John Nugier, Jr., Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State.

NICHOLLS, J. The defendant was indicted by the grand jury for the parish of Vermilion charged with having unlawfully and willfully retailed spirituous liquors without then and there previously obtaining a license therefor from the police jury of Vermilion, and without then and there previously obtaining a license therefor from any town or city authorities.

He was found guilty by the jury on April 16, 1909, and sentenced by the court to pay a fine of $500, and, in default of payment of said fine, to be incarcerated in the parish jail for a term of 6 months, and to be incarcerated in said jail for a term of 90 days.

On the 16th of April, 1909, before the case was taken up for trial, the defendant filed a motion to quash the indictment, which motion was overruled and a bill of exceptions was reserved. The motion referred to was as follows:

"State of Louisiana v. Paul H. Bailey.

"Selling Liquor Without a License.

"Into the court comes Paul H. Bailey made defendant in the above-entitled and numbered cause, and moves to dismiss said cause and to quash the indictment therein for the following reasons, to wit:

"That he has violated no criminal statute of the state of Louisiana. That the only statutes of the state of Louisiana in effect to-day denouncing the selling of liquors without a license are section 3 of Act No. 176, p. 238, of 1908, and section 8 of Act No. 107, p. 163, of 1902.

"That the provisions of neither of the aforementioned statutes apply to or have effect in the parish of Vermilion, La., wherein the venue of the offense charged is laid, for the reason that there is no license granted or imposed for the selling of intoxicating liquors in said parish, the police jury of said parish of Vermilion by ordinances adopted August 10, 1908, having ordained that 'from and after January 1st, 1909, no license for the sale of intoxicating liquors within the limits of Vermilion Parish shall be granted.' * * * That section 3 of Act No. 176 of 1908 is inoperative and ineffective in the parish of Vermilion as in section 14 of said act is declared that this act shall only apply to cities, towns, villages, and parishes of the state where the sale of liquor is permitted.

"That section of Act No. 107 of 1902 is inoperative and ineffective in the parish of Vermilion, La., as said section has reference to parishes and municipalities where a 'license tax is imposed for the retailing of spirituous liquors.'

"Defendant avers that he has been informed by the district attorney of the Seventeenth judicial district that the indictment in this case was based on section 910 of the Revised Statutes. If this be true, the defendant alleges that said section 910 of the Revised Statutes is repealed by the provisions of section 8 of Act No. 107, p. 163, of 1902. The said Act No. 107, p. 165, of 1902, in section 13 thereof provides that all laws and parts of laws in conflict therewith or inconsistent with said act be and the same are hereby repealed. Wherefore, the premises considered, he prays that the above numbered and entitled cause be dismissed, and that the indictment returned therein be quashed."

The defendant is in error in supposing that the only statutes bearing upon the selling of liquors without a license were Act No. 107 of 1902 and Act No. 176 of 1908. Section 910 of the Revised Statutes as amended by Act No. 66, p. 93, of 1902, was then in full force. It was held in State ex rel. Jefferson v. Gray, 111 La. 853, 35 South. 952, that Act No. 66, p. 93, of 1902, was not repealed by Act No. 107 of that year; in other words, that section 910 of the Revised Statutes was not repealed by Act No. 107, as Act No. 66 of 1902 was but the amendment of section 910 of the Revised Statutes.

The only laws or part of laws which were repealed by section 13 of Act No. 107 were those which, if not repealed, would have the effect of interfering with the provisions

of the last-named act. The provisions of Act No. 66 do not in the slightest degree do so. Both acts have full scope in reference to the subjects to which they apply. The defendant attacks the constitutionality of Act No. 66 of 1902 as being violative of article 155 of the Constitution of 1898. The same question was raised in State v. Hageman (No. 17,-626 of the docket of this court) 123 La. 802, 49 South. 530, and the constitutionality of that act was maintained. The decision controls the present case.

The judgment appealed from is correct, and it is hereby affirmed.