(80 South. 221)

No. 23267.

## STATE v. BRITTON.

(Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

**1. CRIMINAL LAW ⬥1206(1)—GRADE OF MISDEMEANOR—CONSTITUTIONAL PROVISIONS.**

Notwithstanding Const. 1898, art. 155, requiring General Assembly to grade all misdemeanors and fix minimum and maximum penalties therefor, a statute declaring an act a misdemeanor, without complying therewith, would not be void, as some misdemeanors might not be susceptible of grading, and in view of Rev. St. § 982, fixing maximum and minimum penalties.

**2. CRIMINAL LAW ⬥1206(4) — RETAILING WITHOUT A LICENSE—GRADE OF OFFENSE—STATUTE.**

Act No. 66 of 1902, which, without attempting to grade offense, left term of imprisonment as penalty for retailing liquors without parish or municipal license to discretion of court, which, by Rev. St. § 982, was limited to two years, was not affected by Act No. 107 of 1902, § 8, grading the offense, as to a parish in which no license could be obtained, nor, so far as not altered by section 8, by Act No. 176 of 1908, §§ 2, 3, 14.

**3. INTOXICATING LIQUORS ⬥206—RETAILING WITHOUT A LICENSE—INDICTMENT OR INFORMATION.**

An indictment or an information, charging offense of retailing intoxicating liquors without a license, should be framed to correspond with either Act No. 66 of 1902 or section 3 of Act No. 176 of 1908, according to whether the offense is alleged to have been committed in prohibition territory or in a parish where the selling of liquor was licensed.

**4. INTOXICATING LIQUORS ⬥223(1)—RETAILING WITHOUT LICENSE.**

In prosecution under Act No. 66 of 1902, charging substantially a violation of Act No. 176 of 1908, § 3, by retailing of intoxicating liquor without having obtained license therefor from parish or municipal authorities, state need not prove that selling is prohibited in parish where offense is laid.

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Jim Britton was convicted of retailing intoxicating liquors in a parish without having obtained a license therefor from the police jury of the parish, or from the municipal authorities of any town or city in the parish, his motion for new trial was overruled, and he appeals. Judgment and sentence affirmed.

Levy & Crane, of Shreveport, for appellant.

A. V. Coco, Atty. Gen., and Lal C. Blanchard, Dist. Atty., of Shreveport (Harry P. Sneed, of New Orleans, of counsel), for the State.

O'NIELL, J. The defendant, appellant, was prosecuted under a bill of information charging that he had retailed intoxicating liquors in the parish of Caddo without having obtained a license therefor from the police jury of the parish, or from the municipal authorities of any town or city in the parish. On conviction he was sentenced to pay a fine of $500 and costs, and to serve a term of 12 months in jail, and, in default of payment of the fine, to serve an additional term of 12 months in jail, subject to work on the public works of the parish.

Before sentence, he moved for a new trial on the ground that the conviction was contrary to the law and the evidence, because the district attorney had failed to introduce in evidence an ordinance of the police jury prohibiting the selling of intoxicating liquors in the parish of Caddo. To the overruling of the motion for a new trial, the defendant reserved a bill of exceptions, which presents for decision the question whether, in a prosecution for the offense of retailing intoxicating liquor without having obtained a license therefor from the parish or municipal authorities, it is necessary for the state to prove that the selling of intoxicating liquors was prohibited in the parish in which the offense is alleged to have been committed. That question has been propounded in every con-

ceivable form and has been answered in the negative. We have no objection, however, to considering the matter once more.

The defendant was not accused of having violated a parish ordinance, or prohibition law. He was accused of having retailed intoxicating liquor without having obtained a license therefor from the police jury of the parish in which the offense was alleged to have been committed, or from the municipal authorities of any town or city in the parish. Therefore, if the retailing of intoxicating liquors without having the required local license violated a statute of the state, the guilt or innocence of the party accused did not depend upon the question whether the selling of intoxicating liquor was prohibited or licensed in the parish in which the offense was alleged to have been committed.

Section 910 of the Revised Statutes of 1870, as amended and re-enacted by the Act No. 83 of 1886, p. 122, declared that whoever should be convicted of keeping a grogshop or tippling shop, or of retailing spirituous or intoxicating liquors, without having obtained a license from the police jury, town or city authorities, should be fined not less than $100, nor more than $500, and, in default of payment of the fine, be imprisoned not less than 30 days, nor more than 4 months. It made no difference then whether the retailing of intoxicating liquors was done in a prohibition parish or in a parish where a license could be obtained.

[1] In the Constitution of 1898 was embodied the provision (article 155) that the General Assembly should grade all misdemeanors and minor offenses against the state, and should fix the minimum and maximum penalties therefor. It was soon recognized, however, that, notwithstanding the requirement of the Constitution, an omission on the part of the Legislature, in a statute declaring an act a misdemeanor, to grade the offense or to fix the minimum and maximum penalty therefor, would not render the statute null. The reason why the grading of a misdemeanor or minor offense could not be regarded as a sacramental requirement was that some acts that might be denounced as misdemeanors might not be susceptible of being graded, or might not have any reasonable basis for grading them. See State v. Robira, 118 La. 251, 42 South. 792. The reason why the fixing of a minimum and maximum penalty for a misdemeanor or minor offense was held not essential to the validity of a statute denouncing a misdemeanor or minor offense was that the Legislature had already, by a general statute, section 982 of the Revised Statutes, fixed the maximum penalty, of both fine and imprisonment, for every case in which the statute denouncing the offense left the penalty to the discretion of the court; and it was recognized that the minimum penalty, where none is fixed by statute, is a fine so small or imprisonment of such short term as to amount to nothing. That is the sum and substance of the legislative interpretation and judicial construction that has been put upon article 155 of the Constitution, and we see no reason for departing from the jurisprudence on the subject. See State v. Pearson, 110 La. 387, 34 South. 575; State v. Cucullu, 110 La. 1087, 35 South. 300; State v. Hageman, 123 La. 802, 49 South. 530; and State v. Bailey, 124 La. 152, 49 South. 1011.

[2] By the Act No. 66 of 1902, p. 93, the Legislature, without attempting to grade the offense, amended and re-enacted the Act No. 83 of 1886, so as to leave the term of imprisonment, in the penalty for retailing intoxicating liquors without a parish license or municipal license, to the discretion of the court, which, by section 982 of the Revised Statutes, was limited to two years.

By the Act No. 107 of the same session,

the Legislature, in obedience to article 155 of the Constitution, undertook to grade a number of misdemeanors and minor offenses; and, in section 8 of the act .(page 163 of Acts of 1902), the offense of retailing liquors without a license was divided into two grades, thus: If the minimum license tax imposed by the parish or municipality was $300 or less, the penalty was fixed at a fine not more than $300 nor less than $25, or imprisonment for a term not longer than 4 months nor shorter than 10 days; and if the license so imposed exceeded $300, the penalty was fixed at a fine not more than $500 nor less than $100, or imprisonment for a term not longer than 4 months nor shorter than 30 days, or both the fine and imprisonment, at the discretion of the court.

It is to be observed that the Legislature did not attempt to grade the offense of retailing intoxicating liquors without a license, in a parish or municipality where the selling of intoxicating liquors was prohibited, and where, therefore, no parish license or municipal license could be obtained, because the offense, if committed in prohibition territory, was not susceptible of being graded as it was graded in a locality where a license could be obtained. The consequence was that the law against selling intoxicating liquor without a license, in prohibition parishes and municipalities, remained the same as it had been enacted in the Act No. 66 of 1902, and section 8 of the Act No. 107 of that year, grading the offense, had application only to parishes and municipalities in which a license could be obtained.

In 1908 the Legislature enacted a very comprehensive statute (Act No. 176 of 1908, p. 236, known as the Gay-Shattuck Law), regulating the business of retailing intoxicating liquors throughout those parts of the state where the selling of intoxicating liquors was not prohibited by any local law or ordinance. It was expressly declared, in section 14 of the act, that the statute should apply only to the parishes, cities, towns, and villages where the selling of intoxicating liquors was not prohibited. Hence the Act No. 66 of 1902, so far as it had not been altered or affected by section 8 of the Act No. 107 of 1902—that is, in its application to parishes and municipalities in which the selling of intoxicating liquors was prohibited—was not repealed or affected by the Act No. 176 of 1908. But section 8 of the Act No. 107 of 1902, grading the offense of retailing intoxicating liquors without a license, according to whether the minimum local license tax imposed did or did not exceed $300, was completely repealed by section 2 of the Act No. 176 of 1908, by making it the duty of police juries and municipal councils and boards of aldermen to levy and collect a retail liquor license tax not less than $500 per annum. And, in lieu of the statute that was thus repealed, section 3 of the Act No. 176 of 1908 declared that any person convicted of selling intoxicating liquors or of conducting a barroom or other place where intoxicating liquors were sold in quantities less than five gallons, without taking out a license for such business, should be deemed guilty of a misdemeanor and be punished by a fine not less than $100 nor more than $500, or by imprisonment in the parish jail for a term not exceeding 2 years, or by both the fine and imprisonment.

In prohibition territory, in all of which territory alone the Act No. 66 of 1902 remains in full force and effect, the offense denounced by the statute is the keeping of a grogshop or tippling shop, or the retailing of spirituous or intoxicating liquors without previously obtaining a license from the police jury of the parish or from the municipal authorities of a town or city therein. In territory where the selling of intoxicating liquors is not pro-

hibited by local ordinance, in all of which territory alone the Act No. 176 of 1908 prevails, the offense denounced by the statute is the selling of spirituous, alcoholic, vinous, or malt liquors, capable of producing intoxication, or the conducting of a barroom or other place where such liquors are sold in quantities less than five gallons, without taking out a license for such business. The penalty is the same, whether the offense be committed in a prohibition parish or municipality or in a parish or municipality where the selling of intoxicating liquors is licensed; that is, a fine not less than $100 nor more than $500, or imprisonment in the parish jail for a term not exceeding 2 years, or both the fine and imprisonment within those limits.

[3, 4] It appears, therefore, that an indictment or a bill of information, charging the offense of retailing intoxicating liquors without a license, ought to be framed so as to correspond with either the Act No. 66 of 1902 or section 3 of the Act No. 176 of 1908, according to whether the offense is alleged to have been committed in prohibition territory or in a parish or municipality where the selling of intoxicating liquors is licensed. Following the language of the Act No. 66 of 1902, however, as was done in this case, charges substantially a violation of section 3 of the Act No. 176 of 1908. Hence it is of no importance in this case whether the selling of intoxicating liquors was prohibited or licensed in the parish where the offense was committed; i. e., whether the conviction was authorized by the Act No. 66 of 1902 or by section 3 of the Act No. 176 of 1908. See State v. Tullos, 135 La. 640, 65 South. 870; State v. Lawson, 136 La. 172, 66 South. 769; and State v. Murray, 139 La. 280, 71 South. 510.

The judgment and sentence appealed from are affirmed.

PROVOSTY, J., concurs in decree.