# COURT OF ERRORS AND APPEALS,

###### IN

## NEW ORLEANS, FEBRUARY, 1845.

###### PRESENT:

Hon. THOMAS C. NICHOLLS.
Hon. GEORGE ROGERS KING.
Hon. ISAAC JOHNSON.

THE STATE *v.* DANIEL TURNELL ADAMS.

8r 571
48 1015

Where the record of appeal in a criminal case contains neither bill of exceptions, nor assignment of errors apparent on the face of the record, the case cannot be examined. Stat. 6th April, 1843, § 2.

In an appeal from a judgment in a criminal prosecution, the appellant must spread upon the record so much of the testimony as may be necessary to enable the court to which the appeal is taken to determine, with certainty, whether any error has been committed by the court of original jurisdiction. This may be done by embodying a synopsis of the testimony in a bill of exceptions.

APPEAL from the Criminal Court of the First District, *Canonge,* J.

This case was submitted, without argument, by *Preston,* Attorney General, on behalf of the State, and by *Sever,* for the appellant.

NICHOLLS, J. This case comes before the court, neither by bill of exceptions nor by assignment of errors, the only legitimate shape which would authorize the Court of Errors and Appeals to entertain jurisdiction in the premises. The act of the Legislature organizing this court has restricted its powers to the examination of questions of law, "which questions shall be presented by bills

The State v. Adams.

of exceptions taken to the opinion of the judge of the lower court, or by the assignment of errors apparent upon the face of the record, taken and made in manner and form as now provided by law for appeals in civil cases.". It necessarily follows, therefore, that no relief can be extended by this court to the party convicted, in the absence of both these essential pre-requisites, neither of which are furnished by the record in this case.

An improper refusal on the part of the judge of the lower court to grant a new trial, this court has already decided, in the case of *The State* v. *Jacques Charlot*, *ante*, p. 529, would entitle the party aggrieved to relief; and if the record in this instance afforded to the court the means of testing the correctness of his decision, that relief would be extended by the correction of any error he may have committed on the trial. But it is the duty of the appellant, under penalty of having his appeal dismissed, to spread upon the record, so much of the testimony as will enable the court to pronounce, with certainty, whether any error had been committed, on the trial in the lower court. This course has been adopted in the State of New York, (7 Wend. 331,) and appears free from objection. A synopsis of the testimony, so far as necessary for the elucidation of the point, should or might be embodied in a bill of exceptions, thus enabling the Court of Appeals to act *knowingly* in the premises.

*Judgment affirmed.*