### No. 239.

### THE STATE OF LOUISIANA vs. FANNIE BROWN.

The title of Act 83 of 1886, which is "An Act to amend and re-enact Section 910 of the Revised Statutes of 1870," contains an expression of the object of the act within constitutional requirements. The act itself does not contain more than one object.

41 771
111 853
e111 854
41 771
124 420
f124 976

State vs. Brown.

The title of an amendatory act expressing the object by a reference to and designation of the act to be amended is a substantial compliance with the requirement of the Constitution touching the description of the object, in the title, of a legislative act.

An indictment for retailing spirituous liquors without a license is not defective for its failure to aver the name of the person to whom the liquors were sold.

Act 83 of 1886 has full effect in parishes where no license can be obtained.

APPEAL from the Fourth District Court, Parish of Jackson. *Bridger*, J.

J. *Henry Shepherd*, District Attorney, for the State, Appellee :

1. The title of a law repealing certain sections of the Revised Statutes adequately expresses the objects of the law when it designates the numbers of the sections repealed. State vs. Garrett, 29 Ann. 637 ; State ex rel. Rills vs. Barrow; 30 Ann. 659. By parity of reasoning the title of law amending and re-enacting a section of the Revised Statute adequately expresses the object of the law when it designates the numbers of the sections amended and re-enacted.

2. The object of the Constitution providing that an act shall embrace but one subject, which shall be expressed in the title, is to give notice to the legislator of the subject of legislation. A reference by number to a section of the body of the laws of the State is sufficient. Articles 29 and 30 of the Constitution of 1879 are the same as Articles 118 and 119 of the Constitution of 1845. Act 83 of 1886 is interpreted by the light of the foregoing articles.

3. The Constitution does not prohibit any designation of an amendatory act by reference to the title of the act amended. If it did, it would deprive the legislators of the most direct and accurate means of designating amendatory legislation. 11 Ann. 56.

4. Where one is unable to legally obtain a license to sell spirituous liquors, and sells, notwithstanding, he is guilty of the offense charged in Sec. 910 of the Revised Statutes. State vs. Kuhn, 24 Ann. 474.

5. An indictment for retailing spirituous liquors without a license is sufficient without specifying the person to whom the liquor was sold. Bishop on Statutory Crimes, 1037 ; State vs. Kuhn, 24 Ann. 474.

6. A refusal of a license by the licensing power, however wrongful, will not entitle the applicant to sell without license. It is no defense that the obtaining of it was otherwise impossible. Bishop's Statutory Crimes. 1005 ; 10 Ann. 885 ; 24 Ann. 474.

7. Whoever claims an immunity from the operation of a general law must prove it with certainty. In such cases doubt is fatal. 39 Ann. 558.

8. The ordinance of a police jury or city council cannot repeal the general laws of the State within the territorial limits of the local subdivision for which they legislate.

9. The laws shall be executed throughout every part of this State, from the moment they shall be promulgated in the manner prescribed. Art. 5, Civil Code.

E. E. *Kidd* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Defendant, being charged with retailing spirituous liquors without previously obtaining a license therefor, moved to quash the indictment on the grounds :

1. That Act 83 of 1886, under which she had been indicted, was un-constitutional.

2. That the act was without effect in Jackson parish, where the deed had been committed, for the reason that no license to retail spirituous liquors could be there obtained.

3. That the indictment was vague and indefinite for its failure to specify the names of the person or persons to whom she was alleged to have sold spirituous liquors.

She was convicted and sentenced to a fine of $310, and on appeal, her counsel presses his motion to quash the indictment.

## I.

The alleged unconstitutionality of Act 83 of 1886, is predicated on the argument that "said act does not express its object, and because said act embraces more than one object."

The statute is entitled "An act to amend and re-enact Section 910 of the Revised Statutes of 1870," and it reads as follows:

"That Section 910 of the Revised Statutes of 1870 be amended and re-enacted so as to read as follows: Whoever shall keep a grog or tip-pling shop, or retail spirituous or intoxicating liquors, without previously obtaining a license from the police jury, town or city authorities, on conviction shall be fined not less than $100 nor more than $500; and in default of payment shall be imprisoned not less than thirty days nor mor than four months. Where it is contended, in prosecutions for the violation of this section, that said spirituous or intoxicating liquors were prescribed and sold, as a medicine, it shall be for the jury to decide whether such prescription and sale were made in good faith and in case of sickness or as a mere subterfuge and with intent to evade the provisions of this section."

The manifest and sole object of the act being to amend and re-enact Section 910 of the Revised Statutes, it is difficult to conceive of a more efficient mode of expressing that intention than the language used in the title of the statute now under consideration. To require a more ex-tended expression of the object intended would certainly not add clear-ness to the title, but would, on the contrary, encumber it, and destroy the unity of the expression which is contemplated by the requirement of the Constitution on this subject.

Such a result would inevitably follow from the suggestion of defend-ant's attorney, to express in the title, the object of the law as stated in the amendment. This would be the rule if the act was for the purpose of enacting a new or original statute, but in case of a proposed amend-

ment to a pre-existing statute, the object is sufficiently expressed by the statement that the intention of the law-maker is to amend an existing statute. To require a reproduction in the title of the intended amendment would involve a very strained construction of the constitutional provision contained in Article 29, and would fill the statute books with endless, obscure and cumbersome titles.

The judicial mind must recoil from such an undertaking.

Hence, in our jurisprudence, a title to an amendatory act expressing the object by a reference to the act intended to be amended, has been held to substantially comply with constitutional provisions which require that the object of every act must be expressed in the title. Arnoult vs. City of New Orleans, 11 Ann. 56; State ex rel. Farrar vs. Garrett, 29 Ann. 637.

On the other branch of this objection, we are not informed in what manner the statute is violative of the Constitution by embracing more than one object.

The sole object of the act, as shown in the body, and as expressed in the title, is to amend Section 910 of the Revised Statutes.

True, the section is amended in two particulars, but surely that circumstance does not alter or enlarge the object of the act. The means or mode of amending a statute must not be confounded with the amendment of the same, as the expressed and intended object of the legislation.

II.

The argument on the second ground of the motion is that the law inflicting a penalty for retailing spirituous liquors without a license from the police jury can have no application or effect in a parish where no license can be obtained. This is an attempt to draw a distinction where there is no difference.

If, as conceded, the penalty applies to a party who fails to obtain a license in a parish where such a license may be obtained, it follows clearly that the law is still more grievously violated by a party selling such liquors in a parish which refuses to license that sort of dealing. The prohibition of that trade by the parish, read into the general statute of the State, operates an absolute prohibition against retailing spirituous liquors in that parish, an infraction of which must necessarily incur the penalty denounced by the general statute.

The only legal mode of selling such liquors is a license from the parish, and the failure to obtain such a license, from any cause, must be construed as a violation of the law. State vs. Kuhn, 24 Ann. 474.

### III.

The point made on the third ground of the motion is that, in default of an averment giving the name of the buyer of the spirituous liquors, the accused is unable to make her defense, and would be deprived of the means of meeting a second charge for the same offense.

As the gravamen of the misdemeanor is the selling of liquors without a license, the person of the party purchasing is not an essential ingredient of 'the charge, the statute making no discrimination of grade or degree of the offense, based on the age, sex or personality in any way of the persons to whom the liquors are sold. Hence the name of the buyer is a matter of no essential importance in the confection of the indictment.

It contains a special averment of the date of the offense charged, and that is sufficient to guard the accused against a second prosecution for the same offense.

Our review of the case discloses no reasonable ground of complaint on the part of the accused.

Judgment affirmed.