PROVOSTY, J.
Defendant owns two tracts of land, both contiguous to lands belonging to plaintiff. The line between one of the tracts and plaintiff’s lands is uncertain, because from the beginning it has existed only on paper, and has never heen located on the ground; and the line between defendant’s other tract and plaintiff’s lands is uncertain, because Tarkiln Bayou, which in 1851, when the sale to defendant’s authors was made, marked the boundary at the place in question, has been so completely filled up and obliterated by the washings from the neighboring hills and by the alluvial deposits of successive overflows that no sign of its former presence remains. The purpose of this suit is to locate and fix these lines.
The lands in question were part of a large body of land known as the “Grappe Reservation,” which was in private ownership at the time the government survey was made, and across which, in consequence, the section and quarter section lines were not run, but only the township and range lines. After adoption of the Constitution of 1868, requiring all lands offered at judicial sale to he subdivided into lots of 40 acres or less, it became necessary to subdivide in that manner this *1009 Grappe Reservation, In order to make a judicial sale of it, and accordingly a map or paper subdivision of the land was made. The lines thus established on paper, but not by actual measurement, did not harmonize with the range and township lines, and this has been a fruitful source of boundary litigation. As to one of the lines in controversy —that one stated above to have never been established otherwise than on paper—the present suit is but a counterpart of five previous suits between other owners of subdivisions of this Grappe Reservation. In these other suits, as we understand, a point where the township and range line and the line of the Grappe Reservation coincide was adopted as a reliable starting point, and this same starting point plaintiff relies on in this ease, whereas defendant upholds a starting point derived from a section line outside of the Grappe Reservation, as to the reliability of which there is no certainty, or even assurance. The lower court adopted plaintiff’s contention, and so shall we. The court cannot assume that the work of the one survey- or was more correct than that of the other, and must assume that the discrepancy between the two surveys comes from the difference in the starting points, and the starting point upheld by plaintiff is by far the more reliable.
The other line in controversy is described in the title deed as follows: “Up the west bank of the Tarkiln Bayou to White Lake and then along the west shore of White Lake,” etc. In locating this line the two surveyors, Jenkins and Crawford, whose respective surveys plaintiff and defendant respectively uphold, went together up the west bank of Tarkiln Bayou, in a northeasterly direction, until they reached a fork in the bayou; one of the prongs going to the left, or towards the west, at a right angle, and the other keeping straight on northeasterly. The question arose, which one of these-prongs was the Tarkiln Bayou called for by the title deed. The west shore of White Lake, the objective point of the line, lay to the left or west, and therefore the west-going prong led towards it, and the easterly going prong led away from it. Jenkins, plaintiff’s surveyor, adopted this west-going prong. Crawford, defendant’s surveyor, felled a tree across it for a bridge, and went over, and followed the easterly prong. The prong followed by Jenkins came to within 200 feet of the west shore of the lake. Crawford followed the easterly prong a distance of 250 feet, where it ended. He then changed his course towards the west, following a line pointed out to him by the defendant, which described a circuit around the head of White Lake, and finally landed him about three-quarters of a mile up the east shore of the lake.
We have no hesitation in adopting-..the Jenkins line. There being no indicium determinative of which one of the two prongs was the Tarkiln Bayou called for by the title deed, the reasonable thing to do was to follow that one which led towards the objective point, rather than that one which led away from it. When reliable indications fail, the rule of surveying, as well as of law, is to reach the objective point by the line of shortest distance. Bartlett Land Co. v. Saunders, 103 U. S. 316-323, 26 L. Ed. 546.
Crawford justifies his line by the existence of a series of depressions, which, according-to him, indicate the once existing channel of Tarkiln Bayou. But, if we come to inferences, the greater probability is that in' 1851 White Lake and the west prong which Jenkins followed were a connected body of water, and formed the boundary referred to in the title deed. Several witnesses testify to having seen them in that condition.
Furthermore, there are two strong reasons why Crawford’s line should not be adopted: It goes counter to the title deed, by making the eastern shore of the lake a part of the boundary, when the title deed calls only for the western shore, and by including within defendant’s line some 40 acres of-swamp or alluvial land, when his author bought and paid for only hills or upland.
Judgment affirmed.
LAND, J., recused, having presided in the court below.