On the State’s Application for a Rehearing.
PROVOSTY, J.
We deem it unnecessary to add anything to wfiat is said in the opinion with regard to whether or not the valid and invalid parts of the statute in question, are, or are not, so intimately connected as to be severable.
To the contention that the title of the act would be sufficient if it read simply, “An Act to amend Act 35 of 1894,” we answer that no one could doubt it after the decisions of this Court in State v. Brown, 41 La. Ann. 771, 6 South. 638, and other cases; but that the title does not read in that way. It reads: “To amend” &c. “by” &c., — specifying the particular amendment proposed to be made. This announcement of the intention to make a particular specified' ’amend *421 ment disclaims impliedly the intention, of making any other. If we suppose that a statute regulating the police of cattle is desired to he amended by requiring cows to be branded, the title of the amending act would answer, if reading simply: “An act to amend” the statute in question; but not if reading: “An Act to amend” the statute in question “by adding a provision for the branding of sheep.” By the latter title an intention to add a provision for the branding of cows would not only not be expressed, but would be impliedly disclaimed.
Rehearing refused.