(63 South. 607.)

No. 20,022.

STATE v. BOULANGER.

(Nov. 17, 1913.    Rehearing Denied Dec. 15, 1913.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1159*)—APPEAL—QUESTIONS OF FACT.

Unless no evidence whatsoever has been introduced by the state to sustain its charge, this court will not interfere with the action of the lower court in refusing to acquit an accused, because to so interfere this court would have to go into a consideration of the evidence, and determine the question of fact as to whether or not the accused was guilty, which it has no authority to do.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. § 1159.*]

2. CRIMINAL LAW (§ 1156*)—APPEAL—DISCRETIONARY RULING—REFUSAL OF NEW TRIAL.

The granting of a new trial is a matter largely vested in the discretion of the trial judge, who has had an opportunity to hear and weigh the evidence, and it is only in cases that it is clear that there is newly discovered evidence that will change the result that a new trial is granted on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3067–3071; Dec. Dig. § 1156.*]

3. INTOXICATING LIQUORS (§ 242*)—CRIMINAL PROSECUTION—PUNISHMENT.

Act No. 66 of 1902 authorizes the court to impose a fine, and in addition thereto, and not in the alternative, to also sentence the accused to prison.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 356–361; Dec. Dig. § 242.*]

*(Additional Syllabus by Editorial Staff.)*

4. INTOXICATING LIQUORS (§ 221*)—INDICTMENT—SUFFICIENCY.

Where an indictment under Act No. 66 of 1902 charged that defendant "did retail intoxicating liquor without first obtaining a license," it was sufficient, though it did not specifically allege that defendant did not have a city license.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 240–248; Dec. Dig. § 221.*]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

August Boulanger was convicted of selling whisky without a license, and appeals. Affirmed.

Alexander & Wilkinson and Murff & Thurber, all of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of Donaldsonville, of counsel), for the State.

BREAUX, C. J. The accused was tried before the judge of the district court on the ——— day of May 1913, and convicted of selling whisky without a license, and sentenced by the court to pay a fine of $500, and to serve six months on the public works, and in default of payment to serve six months additional.

The accused relies for reversal on two bills of exceptions taken during the trial, and on an assignment of errors.

[1] Defendant complained in the first place of the court's action in refusing, on motion of his counsel, to discharge him on the state's evidence. The motion stated that the evidence did not prove the sale of any liquor whatever at the point when the state closed the taking of testimony the first time.

The complaint is that the court refused to entertain the motion at all, stating that it was not justified by the law.

The contention of the accused is that his counsel had a right to submit the motion, and that it was the duty of the court to pass upon it, and, if he found no evidence produced by the state showing a sale of the intoxicants to have been made, then the defendant had the right to his discharge from further prosecution, and that his motion should have been sustained.

The district court held that, if the defendant had desired, he could have closed the case, and submitted it on the state's evidence, but that this was not done.

The question is one of fact—whether the accused was or was not guilty.

This court will not review questions of fact.

There had been evidence submitted, and the judge determined that it was sufficient to justify him in refusing the motion.

We must decline to interfere with the court's decision on this point. The question would be one for our consideration had there been no evidence at all introduced. It would then have fallen within the dicta in State v. Green, 111 La. 90, 35 South. 396; but it is not thinkable that a judge of one of the district courts of this state would undertake to convict an accused, although not the least evidence had been presented against him.

Learned counsel for the accused has submitted a number of decisions rendered in other jurisdictions, which are not persuasive at all in this state, where the practice has always been different. We will not review the decisions submitted by learned counsel, for they are just as stated by them; but they are not pertinent in view of the fact that with us jurisprudence is different upon the subject from what it is in other jurisdictions.

[2] The next bill of exceptions was taken to the refusal of the court to grant a new trial. We shall have to refuse to interfere in matter of this application for a new trial. The comments of the judge in regard to the evidence are pointed and direct, and leave no room for concluding that he should have granted a new trial. He detailed facts which he accompanied with the statement that he believed defendant guilty, and that the evidence commented upon as affording ground for a new trial was not in the least persuasive; that, had a new trial been granted, and the evidence submitted on the new trial, the result would have been the same. It was not new testimony, and it was at best only cumulative.

To say the least, the statement of the trial judge leads to the conclusion that there was no evidence whatever justifying the application for a new trial.

The following authorities on the subject of the application for a new trial are in point: State v. Wilson, 114 La. 398, 38 South. 397; State v. Young, 107 La. 618, 31 South. 993.

New trials on the ground of newly discovered evidence are not favored and very seldom granted on appeal; it being the rule that the judge of the district court has special opportunity to judge of the merits of the application.

[4] The first assignment of errors submitted to this court contains the averment that the bill of information does not charge a crime, as it does not show that the defendant "did not have a license from the city of Shreveport," the place where the offense was committed, if it was committed at all.

The trial judge, in his reasons for judgment, states that the sale took place at night between 8 and 9 o'clock at Cedar Grove, a suburb of Shreveport, thus showing, as stated in the brief of defendant's counsel, that the crime was committed, if at all, in Shreveport, and not in the parish.

This was seized upon by learned counsel as ground sufficient, alleging in the assignment of errors that it is not averred in the information that the accused had no license from Shreveport. As the act charged was not committed in the city of Shreveport, the state did not make the allegation that the accused did not have a license issued by that city.

The district attorney urges: That the statement was inadvertently made by the trial judge. That Cedar Grove is not a suburb of Shreveport. That defendant's place of business was at Cedar Grove, three or four miles from the limits of Shreveport.

That, at any rate, the point raised in the assignment of error is not shown by the record, and cannot be considered in an assignment of error which requires the error assigned to be apparent on the face of the record. State v. Major, 8 Rob. 553; State v. Adams, 8 Rob. 571; State v. Bob, 11 La. Ann. 192.

"An error of law, apparent on the face of the record" (897, C. P.), is the requirement.

Furthermore, the crime is sufficiently charged if the indictment sets forth that the defendant "did retail intoxicating liquor without first obtaining a license." State v. Brown, 41 La. Ann. 771, 6 South. 638.

[3] The next ground of defense stated in the assignment of errors is that the imposition of a sentence on the defendant of six months on the public works of the parish was error.

Act 66 of 1902 is analyzed in the brief, and compared with Act 83 of 1886. The title of the latter is:

"An act to amend and re-enact section 910 of the Revised Statutes."

The penalty in Act 1886, No. 83, is a fine not less than $100, and in default of payment imprisonment for not less than 30 days nor more than four months.

Under this law the imprisonment was to be imposed only in the alternative; i. e., if the accused paid the fine, there was no imprisonment.

Act 66 of 1902 contains provisions authorizing the judge to impose a fine and in addition imprisonment. In case of default, he shall be imprisoned for a term "within the discretion of the court," or shall suffer fine and imprisonment as the court may deem proper.

The first alternative—punishment—is not a penalty for the crime, but a penalty for the failure to carry out the sentence of the court by paying the fine.

As we read the statute, the last alternative follows the first, and the statute taken as a whole reads:

"Shall be fined, or shall suffer fine and imprisonment as the court may deem proper, and in default shall be imprisoned within the discretion of the court."

There was no intention in the act of 1902 to lessen the penalty.

Annotators have found similarity between statutes to regulate tippling houses and those to regulate or prohibit the sale of intoxicants. Under Act 1818, p. 168, § 7, penalty was fine and imprisonment; also under Act 1855, No. 120, § 92. Act 83 of 1886. This last above cited act, amending section 910 of the Revised Statutes of 1870, added "imprisonment."

Act 66 of 1902, amending both the acts of 1855 and 1886 and Revised Statutes, § 910, of 1870, twice mentioned imprisonment.

No good reason suggests itself under Act 66 of 1902 to hold that it was the intention to eliminate the repeated word "imprisonment." With one exception found in Act 83 of 1886, the "imprisonment" has always been provided in all the acts.

A similar question is decided in State v.

Williamson, 63 South. 515, 133 La. 1052, this day handed own.

For reasons stated, the judgment is affirmed.

See concurring opinion of MONROE, J., 63 South. 609.