(65 South. 870)

No. 20622.

### STATE v. TULLOS.

(June 8, 1914. Rehearing Denied June 29, 1914.)

*(Syllabus by the Court.)*

1. INTOXICATING LIQUORS (§ 155*)—SALE BY DRUGGIST.

Under Act No. 66 of 1902, a druggist who, in a prohibition district, sold alcohol for medical purposes, without a prescription, was properly convicted.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 154; Dec. Dig. § 155.*]

2. INDICTMENT AND INFORMATION (§ 110*)—SUFFICIENCY—LANGUAGE OF STATUTE.

Under the same statute (Act No. 66 of 1902), it suffices to charge the offense in the words of the statute, and it is not necessary to state that the offense was committed in a prohibition district.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. § 110.*]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

W. V. Tullos was convicted of selling intoxicating liquors, and appeals. Affirmed.

Alexander & Wilkinson, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. Defendant, a druggist, was convicted of retailing intoxicating liquors, to wit, one pint of alcohol, without previously obtaining a license from the police jury of the parish of Caddo or the municipal authorities of any city or town therein.

Defendant was found guilty as charged, and was fined in the sum of $301, and in default of payment of the fine to serve 30 days on the public roads. Defendant has appealed.

It appears from several bills of exception that the defendant, a regular druggist, employing a regular licensed pharmacist, sold a pint of alcohol to a person who stated that

he wished to use the liquor for medical purposes, and that defendant, believing such statement, made the sale in good faith.

The judge below ruled that a prescription was necessary to protect the defendant from prosecution under section 910 of the Revised Statutes, as amended by Act 83 of 1886 and Act 66 of 1902.

Section 910 was amended by Act 83 of 1886 by the addition of the following provision:

"Where it is contended in prosecution of the violation of this section that said spirituous or intoxicating liquors were prescribed and sold as a medicine it shall be for the court to decide whether such prescription and sale were made in good faith; and in case of sickness or as a mere subterfuge and with intent to evade the provisions of this section."

Act 85 of 1886 made it a crime for any physician or practitioner of medicine to prescribe intoxicating liquors with intent to evade the payment of any license tax required by any law or ordinance, or to evade any law or ordinance prohibiting the sale of intoxicating liquors.

[1] Act 83 of 1886 made it unlawful for any person to retail spirituous or intoxicating liquors, without previously obtaining a license; and the exception in favor of druggists was restricted to sales on bona fide prescriptions. The two acts were cognate, and the last was in aid of the prohibition of the sale of liquors without a license. As the Act of 1886 was re-enacted in 1902, the Revenue Laws of 1898 (Act No. 170 of 1898) can have no application. It has always been the general understanding in the profession that druggists, as such, cannot sell intoxicating liquors, except on bona fide medical prescriptions.

135 LA.—21

[2] Defendant demurred to the information on the grounds that it set forth no crime known to the laws of the state, and did not inform the defendant of the nature of the accusation made against him. The charge is in the words of Act No. 66 of 1902. But counsel for defendant argues that the information is defective in not stating whether the offense was committed in a "wet" or "dry" district. It is obvious that an offense is charged, as intoxicating liquors cannot be sold in a "wet" parish without a license, and no license can issue in a "dry" parish. The charge may have been double, as it did not appear whether the prosecution was under Act 66 or Act 107 of 1902.

Defendant's remedy was by motion to elect. State v. Clement, 42 La. Ann. 583, 7 South. 685.

The prosecution did practically elect by proving that the venue of the offense was in the prohibition parish of Caddo.

The information charges the offense in the words of the statute, and we see no good reasons, at this late day, for holding that such an information discloses no offense against the laws of this state. In a recent case this court said:

"Furthermore, the crime is sufficiently charged if the indictment sets forth that the defendant 'did retail intoxicating liquor without first obtaining a license.' State v. Brown, 41 La. Ann. 771 [6 South. 638]."

See State v. Boulanger, 134 La. 13, 63 South. 607. See, also, State v. Maroun, 133 La. 1087, 63 South. 593.

We see no prejudicial errors in the ruling complained of by the defendant.

Judgment affirmed.