MONROE, C. J.
Relator was prosecuted under an indictment, bearing the caption “State of Louisiana, Parish of De, Soto, Twelfth Judicial District Court,” and charging that he “did unlawfully sell, retail and barter spirituous and intoxicating liquors, without having first obtained a license from the police jury of De Soto parish so to do, and which police jury refused to issue such license, contrary to the form of the statute,” etc.; and, having been tried before the judge, without a jury, was convicted and sentenced; whereupon, he obtained a writ of certiorari by virtue of which the record in the case has been sent to this court in order that the validity of his conviction and sentence may be inquired into. The record contains two bills of exception — to the overruling gf a motion for new trial, and a motion in arrest of judgment, respectively, and there is annexed to, and made part of, each bill, as containing the grounds upon which it is predicated, the motion to the overruling of which it was reserved; the matter set out in the two motions being identically the same, and to the following effect, to wit: (1) That the state did not prove the essential elements of the offense as charged; (2) or prove, or offer to prove, that the said parish of De Soto is “prohibition” territory; (3) or that the police jury had refused to issue a license to defendant; (4) or that W. B. Peyton & Co., who are alleged to have made the sale for which defendant (as a partner, or party in interest, in said firm) has been convicted, had not obtained a license.
*481 [1] 1. As the motion in arrest of judgment could reach only such defects as may be apparent on the face of the record, we. shall first inquire into the merits of the bill reserved to the overruling of that motion. The motion, itself, as will be seen from the foregoing summary of its contents, complains of nothing but the alleged failure of the state to prove, or offer to prove, certain facts which are said to be essential elements of the offense charged; and the bill is predicated, solely, upon the alleged error of the judge in refusing to sustain the motion. The failure of the state to make the necessary proof in any given prosecuiion is not, however, among those defects which are apparent on the face of the record; and the motion in arrest was therefore properly overruled. Bish. New Crim. Pr. (1895) pp. 792, 793; Marr’s Cr. Jur. of La. p. 863.
[2-6] 2. It is alleged, in the motion for new trial, as we have stated, that certain facts, essential to the establishment of the offense charged, were neither proved nor offered to be proved, to wit: That the parish of De Soto is prohibition territory; that the police jury had refused to issue a license to defendant; that W. B. Peyton & Co. had not obtained a license.
The statement per curiam, on the bill to the overruling of the motion, reads in part:
“It was not necessary for the state to prove that De Soto parish is prohibition territory, or that the parish refused to issue licenses for the sale of intoxicating liquors, when it was shown that neither defendant nor W. B. Peyton & Co. had licenses for the sale of intoxicating liquors in De Soto parish, except United States internal revenue license, and had sold intoxicating liquors in said parish.”
The appellate jurisdiction of this court is limited, with respect to crimes and offenses, to certain classes of cases, and, in such cases, to “questions of law, alone,” and although, in the exercise of its supervisory jurisdiction, the court may review the rulings of a ¿rial court in an unappealable ease, it will not, in any criminal case, whether appealaable or unappealable, deal with questions of fact, other than such facts as may be involved in the rulings of the trial judge upon matters which, in a case triable by jury, are left to him, rather than to the jury, to determine, and in such cases only when the questions are properly brought before us.
In State v. Maloney, 115 La. 498, 39 South. 539, it was held that (quoting from the syllabus):
“The jurisdiction of the Supreme Court is confined to questions of law. It can pass (under a bill of exceptions) upon the admissibility of evidence received in a case, but net upon its effect after it has reached the jury, or (in a ease tried by the court alone) after it has been submitted to and acted on by the judge.”
The finding of the trial judge, in this case, that neither W. B. Peyton & Co. nor the defendant had a license, other than from the United States, for the sale of intoxicating liquors in De Soto parish, and that they had sold such liquors in that parish, is therefore conclusive in this court, since it involves only questions of fact affecting the guilt or innocence of the defendant of which this court has no jurisdiction. But the finding that it was not necessary to prove that De Soto parish is prohibition territory, or that the police jury refused licenses for the sale of intoxicating liquors, presents a question of law, of which this court has jurisdiction, just as it would have jurisdiction in a murder case, if it appeared from a statement per curiam that it had been held on the trial that it was unnecessary to prove the corpus delicti. In other words, though the sufficiency of the evidence to establish the particular facts constituting the essential elements of an offense is a question of fact for the jury, or for the trial judge (when there is no jury), the question, what constitute such elements, is a question of law.
Where a case is tried before a jury, such a question should be raised during the trial and brought up by bill of exception to the *483 judge’s charge to, or refusal to charge, the jury; but where, as in this case, there was no jury, and the judge delivered no charge, to himself (though we see no reason why he should not, before proceeding to convict, make a statement of the law, as in the nature of a charge), the defendant would have no opportunity to reserve such a bill until he learned the judge’s view of the law from his announcement of the conviction; and, as the authorities hold that “the court, in its charge to the jury, should accurately define the offense charged, setting forth the essential elements thereof” (21 Cyc. 1035), we shall deal with the questions here present-as though the judge had refused a requested charge to the effect that the state was bound to prove, as essential elements of the offense for which relator was prosecuted, that De Soto was a “prohibition” parish, and that the police jury had refused to issue a license for the sale of intoxicating liquors. So dealing, we find no merit in relator’s contentions., There are different statutes on our books, which, as construed by this court, since the passage of Act No. .107 of 1902, declare it to be an offense to sell, and impose the same penalty for selling, intoxicating liquors either in “dry” territory, where such sale is prohibited, or “wet” territory, where such sale may be licensed. See Act 66 of 1902 (amending and re-enacting Act 83 of 1886, entitled an act t,o amend and re-enact section 910 of the Revised Statutes of 1870), which has been held to apply to “dry” territory; and Acts 107, of 1902, and 176, of 1908, which have been held to apply to “wet” territory; and the following decisions of this court: State ex rel. Jefferson v. Gray, 111 La. 853, 35 South. 952; State v. Hageman, 123 La. 802, 49 South. 530; State v. Bailey, 124 La. 152, 49 South. 1011; State v. Donato, 127 La. 394, 53 South. 662; State v. Tullos, 135 La. 640, 65 South. 870; State v. Lawson, 136 La. 172, 66 South. 769; State v. Quinn, 136 La. 435, 67 South. 206.
None of the statutes make the refusal of a police jury to grant a license an essential element of the offense, and it would be a peculiar statute that would do so; hence it was unnecessary to prove such refusal, even though it is alleged in the indictment; and the allegation may be rejected as surplusage. Marr’s Or. Jur. p. 416. There was, however, no attack upon the indictment, in the district court, either by demurrer, motion to quash, motion for new trial, or motion in arrest of judgment, and the complaint, made for the first time in this court, that it is defective, in failing to allege that defendant had no license from “town or city authorities” (in addition to the allegation that he had none from the police jury of De Soto parish), comes too late. State v. Arthur, 10 La. Ann. 265; State v. Bass, 12 La. Ann. 863; State v. Durbin, 22 La. Ann. 162; State v. Taylor, 37 La. Ann. 40; State v. White, Id. 173; State v. Moore, 111 La. 1008, 36 South. 100; State v. Hauser, 112 La. 330, 331, 36 South. 396. Moreover, it appears, from the statement of the judge, that it was shown on the trial (and without objection, so far as the record discloses) that defendant sold intoxicating liquors in De'Soto parish, and that he held no other than an internal revenue license, from which it is clear that he was guilty of the offense, as denounced by Act 66 of 1902, of selling such liquor “without previously obtaining a license from the police jury, town or city authorities,” and, as denounced by Act 176, of 1908, of selling of such liquors, or the keeping of a place where they are sold “without taking out a license for such business,” since an internal revenue license is not the license that is required by either statute and affords no protection for the violation of either.
Defendant having been convicted of an offense denounced by different statutes (applicable in “dry” and “wet” parishes respectively), his counsel argue that, without evi *485 dence showing that De Soto is a “dry” parish, the trial judge had no guide or authority for imposing sentence; “for,” they say, “the penalty in the parishes known as ‘dry’ parishes is fixed by Act 66, of 1902, while the punishment in ‘wet’ parishes is fixed by the Gay-Shattuck law — that is, Act 176, of 190S— the punishment under Act 66, of 1902, being more severe than under the act of 1908.”
The penalty imposed by the two acts appears to us, however, to be practically the same. Act 66 of 1902, construed with R. S. 980, 982, authorizes an extreme penalty of $500 fine with imprisonment for two years, and additional imprisonment for one year (under R. S. 980), in default of payment of the fine; and the extreme penalty under Act 176, of 1908, § 3, will work out in the same way, since it authorizes a maximum fine of $500, or imprisonment for two years, followed by the alternative “or both such fine and imprisonment,” which means a possible fine of $500 and imprisonment for two years, with additional imprisonment for one year (under R. S. 980) in default of payment of the fine, just as under Act 66 of 1902, 'or, without such additional imprisonment under either act, if R. S. 980 should be found inapplicable. The conclusion thus stated was reached in State v. Lawson, 66 South. 769,[1] in which, the defendant having demurred to an indictment for selling liquor without a license, in Caddo parish, on the ground (urged in the argument) that it was not alleged that Caddo was a “dry” parish, this court said:
“Subsequent to the passage of Act 66, of 1902, the same Legislature passed Act No. 107, p. 161, where, in section 8, provision was especially made for the misdemeanor of selling liquor without having previously obtained a license, in ‘wet’ parishes, with a somewhat different penalty from that provided for such selling of liquors in a ‘dry’ parish. This last section (8) was afterwards changed by sections 3 and 14 of Act 176, of 1908, p. 236, so as to make the penalty for retailing liquors in ‘wet’ parishes the same as that provided for ‘dry’ parishes in Act 66, of 1902. Thus, Act 66, p. 93, of 1902, is the law with reference to the selling of liquors without a license, in ‘dry parishes, cities, and towns; and section 3, of Act No. 176, of 1908, p. 238, is the law with reference to selling liquors, without a license, in ‘wet’ parishes or other wet localities. * * * Under both statutes, the offense is complete by selling liquors without a license.”
In the case thus cited, the state offered, and was permitted, to prove that Caddo was a dry parish. And so, in the case of State v. Tullos, which had been previously decided (135 La. 640, 65 South. 870), the defendant had demurred to the indictment, and his counsel had argued that it was defective in not alleging that Caddo was a dry parish; but the court said:
“It is obvious that an offense is charged, as intoxicating liquors cannot be sold in a ‘wet’ parish without a license, and no license can issue in a ‘dry’ parish.”
It was further held that the charge may have been double, but that defendant’s remedy was by motion to elect, and State v. Clement, 42 La. Ann. 583, 7 South. 685, was cited on that point.
“The prosecution did practically elect (the opinion goes on to say) by proving that the venue of the offense was in the prohibition parish of-Caddo.”
We conclude that, as it is equally an offense to sell intoxicating liquors, without having previously obtained a license, in one parish as in another, and as the penalty is the same, whether the parish in which the sale is made be “wet” or “dry,” the ruling of the respondent judge, to the effect that it was unnecessary to prove that De Soto is a “dry” parish, operated no injury to defendant now before the court, and that his complaint with respect thereto is not well founded.
It is therefore adjudged and decreed that the rule herein issued be discharged, the demand of the relator rejected, and this proceeding dismissed.
PROVOSTX and O’NIELL, JJ., dissent in the refusal of the court to grant a rehearing.

 136 La. 172.