(69 South. 94)

Nos. 21222, 21223.

STATE v. HOLLINGSWORTH.

(June 14, 1915. Rehearing Denied June 29, 1915.)

*(Syllabus by the Court.)*

CRIMINAL LAW ☞1032 — OBJECTIONS NOT RAISED BELOW.

Judgment affirmed for reasons stated in State ex rel. J. J. Hollingsworth v. Judge (No.

21196) 68 South. 834, ante, p. 478, recently decided.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2627, 2628, 2642; Dec. Dig. ☞1032.]

Provosty and O'Niell, JJ., dissenting.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

J. J. Hollingsworth was convicted of unlawfully selling intoxicating liquor, and appeals. Affirmed.

See, also, 68 South. 387, ante, p. 144, 68 South. 834, ante, p. 478, 68 South. 837, ante, p. 487.

Elam & Lee, of Mansfield, and Foster, Looney & Wilkinson, of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and W. M. Lyles, Dist. Atty., of Leesville (G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. In each of these cases the defendant was convicted and sentenced for the offense of unlawfully selling intoxicating liquors without first obtaining a license from the police jury of the parish of De Soto.

These cases are on all fours with State ex rel. J. J. Hollingsworth v. John H. Boone, Judge (No. 21196) 68 South. 834, ante, p. 478, on the docket of this court.

In the court below the defendant did not question the sufficiency of the indictments, but, as shown by his motion for a new trial and his so-called motion in arrest, complained of the insufficiency of the evidence to sustain the charges set forth in the indictments. Defendant complained, among other things, that no evidence was adduced to prove that De Soto was a prohibition parish. The trial judge stated in his per curiam that it was proved that neither the defendant nor his firm had any license to sell intoxicating liquors in said parish, except a United States internal revenue license.

Defendant raised the question of the suffi-

ciency of the indictments for the first time in his brief filed in this court.

Assuming for the sake of argument that the indictments are defective, the defendant did not demur, or move to quash the indictments, but pleaded not guilty thereto, and after conviction did not move in arrest on the ground of defects in the indictment. In a similar case our predecessors said:

"If there were defects in the indictment, as alleged, upon which we express no opinion, they have been waived and are now cured."

See State v. Arthur, 10 La. Ann. 265. This doctrine is reasonable, and its application tends to the orderly administration of the criminal laws of the commonwealth. Objections to pleading, whether civil or criminal, should be urged before trial, and certainly before appeal. There may be exceptions to this rule in cases where fatal defects in the proceedings are patent on the face of the record. But mere vagueness or duplicity in pleading do not fall within the exceptions. The defendant understood that he was charged with unlawful sales of intoxicating liquors in a prohibition parish, as shown by his motion for a new trial, and his so-called motion in arrest. His · defense below was based on the alleged failure of the prosecution to prove that De Soto was a prohibition parish. He complained that this essential averment of the indictments was not proven. In this court the defendant shifts his position, and argues that the indictments are defective, because they do not allege that the sales were made in a prohibition district.

We do not think that the ordinary rules of procedure should be disregarded in order to open the door to belated objection of the kind urged by the defendant. But we have considered these objections in the case of the State ex rel. J. J. Hollingsworth, supra, and found them without merit.

The judgments herein appealed from are therefore affirmed.

PROVOSTY and O'NIELL, JJ., dissent.