O’NIELL, C. J.
 

 The defendant, appellant, was indicted for murder, and was found guilty without capital punishment and sentenced to life imprisonment. She is only 15 years of age. After conviction, and before the sentence was imposed, her attorney filed a motion in arrest of judgment, averring that there was no proof of the corpus delicti, in that there was no evidence introduced to prove that the dead man, on whom the autopsy was held, was the man whom the defendant had shot. The motion in arrest of judgment was overruled, and a bill of exceptions was reserved to the ruling. That is the only bill of exceptions that was reserved.
 

 A failure of the state to make the necessary proof in a criminal prosecution is not an error apparent on the face of the record. The appropriate remedy in such a case is a motion for a new trial. A motion in arrest of judgment is the remedy for errors apparent on the face of the record, but not for those which can be found only by an investigation into the evidence in the case. State v. Green, 36 La. Ann. 186; State v. Roland, 38 La. Ann. 18; State v. Washington, 104 La. 443, 29 So. 55, 80 Am. St. Rep. 141; State v. Kline, 109 La. 603, 33 So. 618; State v. Mc-Crocklin, 130 La. 106, 57 So. 645; State v. Hollingsworth, 137 La. 478, 68 So. 834.
 

 All of the testimony heard on the trial of this case is in the transcript, and, considering 'the seriousness of the case, we have read the testimony to see whether the appellant’s complaint would be well founded if it had been made by way of a motion for a new trial, instead of a motion in arrest of judgment; and we find that the question which would be presented for decision, if it were presented properly, would be a question of sufficiency of the evidence to identify the man who died, and on whom the autopsy was held, as being the man whom the ’defendant shot. This court has not jurisdiction to decide questions of fact, or questions of sufficiency of the evidence, on which depends the guilt or innocence of the defendant in a criminal prosecution. It is sufficient to say that there was some evidence of identification of the dead body, on which the autopsy was held, as being that of the man whom the defendant had shot. The reason why the evidence identifying the body was very brief was that there was no dispute about it. Whether the evidence was sufficient’to establish the identification beyond a reasonable doubt was a matter for the jury alone to decide. It would have been a matter for the trial judge also to decide if the question had been raised by a motion for a new trial; but it is not a question for this court to decide.
 

 The verdict and sentence are affirmed.