McCALEB, Justice
(dissenting).
There can be no doubt that the bill of information is defective in this case in that it failed to particularly describe the indecent prints, pictures and compositions, which appellant had in his possession, to be obscene, lewd, lascivious, filthy or sexually indecent, as set forth in the amendatory Act 314 of 1950, LSA-R.S. 14:106. However, the question presented for decision is whether appellant is entitled to assert the point for the first time on appeal, in view of Article 253 of the Code of Criminal Procedure, LSA-R.S. 15:253, which declares, in substance, that no conviction shall be set aside or reversed on account of any defect in form or substance of the indictment unless the objection thereto “be made prior to the commencement of the trial or at such time thereafter as the court in its discretion permit”. This provision is really no more than a statement of the prior jurisprudence to the effect that formal objections to the sufficiency of an indictment cannot be urged for the first time on appeal. See State v. Broussard, 133 La. 884, 63 So. 390 and State v. Hollingsworth, 137 La. 683, 69 So. 94.
The proper solution to the question depends, in my opinion, on whether the insufficiency of allegation in the bill of information is of such a nature that it could have been remedied by amendment on order of the court, if a motion to quash had been timely filed below, for it is to be conceded that objection to a fatally defective indictment may be asserted at any stage of the proceedings and even while sentence is being served. In my view, the omission of one of the appropriate adjectives before the word “indecent” was not such a defect which could not be cured and I feel certain that, had the sufficiency of the charge been questioned timely, it would have been proper for the trial court to have permitted an amendment.
I respectfully dissent.